## JOHN M. TRESCOTT—HART, LABATT & Co., Transferrees, *v.* W. LEWIS.

If proper parties join issue upon questions either of law or fact, before a competent court, they must abide by the decision.

The form of procedure, by a rule instead of an injunction, to arrest an execution, having been re-sorted to without objection, and a decision rendered thereon after issue joined on the merits, *Held*: that the defendant in execution, by whom the rule was taken, could not afterwards renew the litigation by resorting to an injunction.

The judgment discharging the rule was precisely equivalent to a judgment dissolving an injunction, in lieu of which the rule was taken.

Such judgment, if not appealed from within the legal delay, would have the finality requisite to sus-tain the plea of *res judicata*, and although the time for appealing from it may not have elapsed, it precludes any further action of the court on the matters set up on the rule.

APPEAL from the District Court of East Feliciana, *Ratliff*, J. Tried by a jury. *J. O. Fuqua*, for plaintiff and appellant. *Muse & Hardee*, for defendant.

SPOFFORD, J. The case was formerly before us on a motion to quash the ex-ecution issued upon a judgment against the defendant. 11 An. 184.

Within a month after the mandate of this court was filed in the court below, *William Lewis* took another rule on *Hart, Labatt & Co.*, transferrees of *Tres-cott*, to show cause why the seizure made under the judgment should not be released, and the writ of execution quashed, on the grounds, first, that *Hart, Labatt & Co.* were not owners of the judgment; secondly, that the twelve months' bond given for the judgment had been fully paid by him; and thirdly, that the bond was barred by the prescription of five and ten years.

*Hart, Labatt & Co.* joined issue upon the rule by a formal plea, denying every allegation therein, except the fact that a *fi. fa.* had been issued at their

instance, and property of the defendant seized; they further pleaded *res judicata* as to that part of the rule which related to the twelve months' bond.

It appears that there was a trial of these issues before a competent Judge, that a note of testimony offered was taken, and that a judgment was rendered and signed in the following terms:

"This case having been taken up for trial on the rule by consent, by reason that the law and evidence is in favor of defendants therein, *Hart, Labatt & Co.*, and against the plaintiff, *William Lewis*, it is, therefore, ordered, adjudged and decreed, that this rule be discharged, at plaintiffs' costs.

(Signed)                          G. W. WATERSTON,
            Judge of Eighth, presiding in Seventh Judicial District.
April 28th, 1856."

On the 28th May, 1856, *William Lewis* sued out an injunction in regular form against the same execution, upon the same allegations in substance as were set forth in the rule which had been thus discharged after a hearing upon the merits; to wit: that *Hart, Labatt & Co.* did not own the judgment; that it had been paid, and that it was prescribed.

The defendants in injunction (plaintiffs in execution) interposed to the injunction suit the plea of *res judicata*. They at the same time filed another special plea in these words: "In this case *Hart, Labatt & Co.* now come, in addition to the exception of *res judicata* herein filed, further excepting, say, that said *Lewis* had no legal right to obtain said injunction, for the reason that he had previously taken a rule upon these defendants to dissolve the execution herein; that said rule had and was designed to have the same effect as an injunction, viz: the dissolving of the execution and release of the property seized, and was really a substitute for one; and that the facts set up in said petition, if they ever existed at all, existed at the time of the taking of said rule, and that said rule having been dissolved, he is precluded from setting up any matters existing at or prior to the time when it was taken." Wherefore a dissolution of the injunction was prayed for, with damages.

Both these exceptions having been overruled, an answer to the merits was filed, and after a hearing, there was a verdict and a judgment perpetuating the injunction, from which the present appeal is prosecuted.

We are of opinion that the court should not have gone into a trial of the merits of the injunction, but should have sustained the exception quoted above.

It is apparent upon the face of the pleadings, and was also proved *aliunde* by the plaintiff in injunction himself upon the trial of the exception, that the rule raising the question of ownership, payment and prescription, was intended as a substitute for an injunction; the motive for resorting to such a form of proceeding was a representation by one of the counsel for *Lewis* to the counsel for *Hart, Labatt & Co.* that *Lewis* was not in a condition to give an injunction bond.

It matters not that the proceeding by rule was irregular, since the party against whom it was taken, as a favor to his adversary, waived all questions of form and joined issue upon the merits. Here are all the elements of a suit at law, *actor, reus, et judex*. The form of procedure is immaterial; if proper parties join issue upon questions, either of law or fact, before a competant court, they must abide by the decision. *Exceptio rei judicatæ, obstat quoties inter easdem personas, eadem quastio revocatur vel alio genere judicii.* See *Plique & Lebeau* v. *Perret*, 19 L. 323.

The tenor of the judgment which discharged the rule shows that it was rendered upon the merits of the controversy; all the proceedings under the rule tend to the same conclusion. Under such circumstances a judgment discharging the rule was precisely equivalent to a judgment dissolving an injunction, in lieu of which it appears that the rule was taken, and a judgment dissolving an injunction upon the merits, after answer filed, has the finality which is requisite to sustain the plea of *res judicata*. *Wells* v. *Hunter*, 5 N. S. 120. The court discharged the rule on the 28th April, 1856, for the expressed reason that the law and evidence on the trial were in favor of defendants, *Hart, Labatt & Co.*, and against the plaintiff, *William Lewis*.

We conclude that, had the proper time elapsed, this decree would have sustained the plea of *res judicata* in all its technicality.

But the year for appealing from the decree had not expired when the exceptions were interposed, nor has it yet. Article 3522, No. 9, of the Civil Code declares that the "*thing adjudged* is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

If, therefore, the technical plea of *res judicata* will not hold, because there is time yet to appeal from the judgment on the rule rendered 28th April, 1856, still the question recurs, should not the other branch of the defendant's exception to the injunction have been sustained, and the plaintiff left to his appeal, instead of litigating over again in a new action the matters already decided by the same court.

The question has been settled affirmatively by two decisions of this court.

In *Florance* v. *Wilcox*, 14 L. 58, a cause very similar to this, and one where the year for appealing from the first judgment had not expired when the second rule was taken, the court held that where the legality of issuing the order of seizure and sale had previously been put at issue by the defendant, in a formal opposition, and the injunction granted at the instance of the defendant had been dissolved, the Judge did not err in discharging the rule for another injunction.

"The previous decision precluded any action of the court in relation to the matters set up in the rules which were substantially those which were included in the defendants' previous opposition.

The doctrine was expressly affirmed by us in the recent case of *Moch* v. *Garthwaite, Giffen & Co.*, 11 An. 287.

A plaintiff in execution might be perpetually baffled in collecting his money if injunction after injunction can be sued out from the same court on the same grounds, as fast as they are dismissed. If the judgment debtor acquiesces in the decree overruling his first opposition, it becomes *res judicata* as to the points there put at issue. If he does not acquiesce, his remedy is by appeal, and if he pursues that, then there is *lis pendens*, and he should not bring a new suit for the same cause.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed, and the injunction sued out in this case be dissolved without damages, and without prejudice to the right of appeal from the judgment of 28th April, 1856; the plaintiff in injunction paying costs in both courts.