[No. 3,410.]

ENCARNACION SUNOL DE ETCHEBORNE *v.* JOHN AUZERAIS AND GEORGE BACON.

DEVISE IN WILL—WHAT IT INCLUDES.—A devise in a will made to executors in trust for heirs, of all the testator's property, real and personal, wheresoever situated, includes the homestead of the testator and his family.

AUTHORITY OF EXECUTORS TO SELL.—If, in a devise to executors in trust for heirs, the testator expresses a desire that his homestead shall not be sold

unless necessary, and that the same shall be used by his wife and children as a home, the executors have authority to sell the homestead, if it becomes necessary.

ESTOPPEL ARISING FROM ACCEPTANCE OF A DEVISE.—If, in his will, the testator devises to his wife a portion of his property, provided she elects to accept the bequest in lieu of what the law may set aside to her, and the wife accepts the devise, she and her grantees are estopped from setting up title to a homestead which the law would have set aside to her.

PLEADING AN ESTOPPEL.—An estoppel which is of equitable cognizance must be pleaded, or it will not be considered on the trial.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

Ejectment to recover a lot of land in the City of San José, commenced December 20th, 1870. The Alcalde of the Pueblo de San José, on the 15th day of May, 1849, granted to Antonio Sunol a tract of land in said pueblo, which tract includes the demanded premises. Sunol and his family resided on the tract until his death about 1865. In 1861 Sunol made a declaration of homestead on a lot on which his residence stood, and which was a part of the tract granted. In March, 1865, Sunol made a will, in which he devised to his executors, his son Narcisso Sunol and Henry M. Naglee, all and singular his property, real and personal, wherever situated, to hold the same in trust, to sell and pay his debts, and certain bequests made in the will, and to hold the remainder in trust for his heirs. The property devised was the separate property of the testator.

There were several children, and the will contained a clause that "should my present wife, Dolores Mesa Sunol, elect to choose the devise and bequest herein named, in lieu of what the law may set aside for her, I do give, devise, and bequeath unto her, my said wife, out of the residue of my estate, and after the payments of said debts and legacies above named, one eighth part and portion of my said estate, both real and personal." The will also contained this clause: "It is my desire that my present residence, with the furni-

ture therein, be not sold or disposed of unless necessary, and that the same shall be used by my said wife and children as their home." The last clause in the will was as follows: "Should my said wife, Dolores, refuse to accept the gift and devise to her, above mentioned, then the said one eighth portion so given and devised, I give, bequeath, and devise to my children as above named, to be divided equally between them, share and share alike."

The defendant, Auzerais, had a mortgage on the homestead lot, and to pay off this mortgage the executors, in 1866, sold him the demanded premises, being a portion of the homestead lot, but not embracing the dwelling or outhouses. After this sale Mrs. Sunol, the widow, made a deed of gift of the premises thus sold to the plaintiff. After the will had been filed for probate, Mrs. Sunol filed in the Probate Court a paper relinquishing her right of homestead, and accepting of the bequest contained in the will. The case was tried before a jury who rendered a verdict for the defendants. The Court granted a new trial on motion of the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*Moore, Laine & Leib,* for Appellants.

The law would have set aside the homestead for the widow. (Sec. 4 of the Homestead Act of 1860; Sec. 121 of Probate Act; Laws of 1861, p. 636.)

The widow, having elected to take under the will in lieu of what the law might have "set aside" for her, elected to take under the will in lieu of the homestead.

Whether the testator had the power to dispose of the homestead, cannot arise—for having assumed to do so, and the widow having taken under the will in lieu of the homestead, neither she nor her grantee will now be heard to question his power. (*Gable's Executors* v. *Daub,* 40 Pa. St.

217; *McKeon's Appeal*, 42 Pa. St. 479; *Morrison* v. *Bowman*, 29 Cal. 337.)

The testator gave specific directions as to the sale of the homestead, showing that he assumed to dispose of it. As we have seen, the testator vested the legal title of all this estate in his executors. Did he mean to include the homestead in the expression, " all my estate." He surely did, for he afterwards tells them not to sell it, unless necessary. Now, if he did not have the homestead in his mind while disposing of his property, why did he give directions concerning its sale?

*J. C. Black* and *J. Reynolds*, for Respondent.

Antonio Sunol, in his lifetime, in April, A. D. 1861, made, signed, acknowledged, and recorded a homestead declaration, covering the lot in dispute, and died in 1865, after the amendment of the homestead law of A. D. 1862.- The law as amended asserts that the survivor shall, by operation of law, own the homestead property absolutely, and this has often been so held by this Court; therefore, the homestead is no part of the assets of the estate, and the Probate Court is not presumed to do a useless thing, because if the title is in the survivor absolutely, the estate cannot have any interest in it, and therefore, the Probate Court has no jurisdiction or control over the homestead, since the amendment of A. D. 1862. (*Estate of Orr*, 29 Cal. 101.)

The language of the will cannot pass the homestead, because in construing the will we must apply its terms, in absence of specific description of property, to land or property belonging to the testator, and within his testamentary disposition at the time of making the will. (*Estate of Sylvey*, 42 Cal. 211.)

By the COURT:

1. Upon looking into the will of Sunol we are of opinion that the devise to the executors included the homestead and carried with it the authority to sell it, if its sale should become necessary.

2. The acceptance by Mrs. Sunol of the devise in her favor, if the fact be that she did accept it, would operate to estop her, or her grantee, the plaintiff in this action, from asserting her title to the homestead as against the executors, or Auzerais, the defendant here, who derives his title from the executors. This estoppel is, however, one of equitable cognizance, and it not having been relied upon by the defendant in pleading, though he had an opportunity to plead it, it results that it could not, for want of the requisite pleadings, have been properly considered or determined at the trial.

Order affirmed.