[No 6,098.—In Bank.]

## W. R. WELLS v. BLOOMFIELD HARTER.

MORTGAGE, RENEWAL OF.—Under the provisions of the Code of Civil Procedure, a mortgage barred by the Statute of Limitations is not renewed by a renewal of the note secured.

ID.—LIEN.—A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.

VENDOR'S LIEN.—A vendor's lien is waived by taking a mortgage.

APPEAL from a judgment for plaintiff, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

The facts are stated in the opinion.

*E. A. Lawrence*, for Appellant, cited *Lent* v. *Shear*, 26 Cal. 361; *Wood* v. *Goodfellow et al.* 43 id. 185; Code Civ. Proc. § 360; *Sichel* v. *Carrillo*, 42 Cal. 493; *McCormick* v. *Brown*, 36 id. 184.

*A. W. Thompson*, for Respondent.

By the COURT:

For the reasons set forth in the opinion of Department One, judgment and order affirmed.

Opinion of Department One referred to above.

ROSS, J.:

On the 10th of May, 1869, plaintiff sold and conveyed to the defendant Bloomfield Harter certain real property. A part of the purchase-money was paid in cash, and for the balance, Harter executed to plaintiff his promissory note, dated May 10th, 1869, and payable May 10th, 1870, with interest thereon at the rate of one and one-half per cent. per month, and to secure the payment of the note, executed to plaintiff a mortgage on the premises. From the time of the purchase, Harter and his wife, who is also a defendant in this action, have resided upon the property. On the 10th of February, 1875, plaintiff and Harter executed the following indorsement in writing upon the note:

"In consideration of one dollar, it is hereby mutually agreed that the within note shall be extended to February 10th, 1876, at one per cent. per month from this date. Petaluma, Feb. 10th, 1875." On the 8th of November, 1875, Harter and wife filed a homestead on the premises.

This action was commenced February 28th, 1877, to recover the amount due from Harter, and to foreclose the mortgage.

Harter and wife answered separately, the wife setting up her rights under the homestead, and pleading the Statute of Limitations. The District Court gave plaintiff judgment against Harter for the amount of money due on the note, but refused to enforce the mortgage, and entered judgment in favor of Mrs. Harter.

The plaintiff moved for a new trial, which was denied, and the appeal is taken from the judgment, and from the order refusing a new trial.

The only question in the case is, whether the renewal of the note by Harter, made, as it was, before the filing of the homestead, but after the Statute of Limitations had run against the note and mortgage, operated to renew the mortgage also; or, to speak more accurately, whether the making of the new contract of February 10th, 1875, to pay the note, also operated to create a mortgage on the property to secure its payment.

However it may have been prior to the adoption of the Codes, we think, in view of their provisions, that the agreement in question could not have that effect.

By § 2911 of the Civil Code, it is provided as follows:

"A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

The principal obligation in the present case was, of course, the promissory note, and the time within which, under the provisions of the Code of Civil Procedure, an action could and should have been brought on that, expired on the 10th of May, 1874. The note and mortgage then became barred by the Statute of Limitations, and the lien of the mortgage thereupon became extinguished. (§ 2911, *supra*. See also the authorities cited under this section in the annotated Code.)

The agreement made between the payor and payee of the

note, and indorsed on it in writing on the 10th of February, 1875, was the creation of a new contract, the consideration for it being, as was said in *McCormick* v. *Brown*, 36 Cal. 184, " the original contract, or the moral obligation arising thereupon, binding *in foro conscientiae,* notwithstanding the law of the statute." (See also *Chabot* v. *Tucker*, 39 Cal. 438 ; § 360, Code Civ. Proc.) It is this new contract that gives the plaintiff the right to recover the amount of the note. But the creation of the new contract to pay the money did not create a new mortgage to secure its payment. That could only be done in the mode prescribed by § 2922 of the Civil Code, which is as follows :

" A mortgage can be created, renewed, or extended only by writing, executed with the formalities required in the case of a grant of real property."

It is plain that the agreement indorsed on the note does not answer the requirement of this statute. It makes no reference in terms to the old or to a new mortgage, and its language does not admit of an inference even that the purpose of the parties was to create a new mortgage, or to renew or extend the old one. It is obvious, that, in view of this provision of the statute, in order to create, renew, or extend a mortgage, there must be executed, in the mode prescribed, a written instrument, showing either by express terms or by fair intendment that such was the intent of the party to be charged.

As to the suggestion, that if the mortgage be held to be barred the Court should enforce a vendor's lien, it is sufficient to say, first, that the action is not brought to enforce such lien ; and secondly, that plaintiff waived his vendor's lien by taking the mortgage. (*Baum* v. *Grisby*, 21 Cal. 175; *Camden* v. *Vail*, 23 id. 633.)

It follows, that the judgment and order must be affirmed, and it is so ordered.

McKINSTRY, J., and McKEE, J., concurred.