[S. F. No. 2407.  In Bank. — October 1, 1901.]

GEORGE A. NEWHALL, Respondent, v. A. T. HATCH et al., Defendants.  SHERMAN, CLAY & CO., Appellants.

FORMER JUDGMENT — RES ADJUDICATA — DEMURRER — STATUTE OF LIMITATIONS — ACTION UPON ADDITIONAL PROMISE. — A former judgment, rendered upon demurrer to a complaint, on the ground that the action appeared upon the face of the complaint to have been barred by the statute of limitations, is not a bar to a new action based upon an additional promise, preventing the bar of the statute.  [McFarland, J., dissenting.]

ID. — JUDGMENT UPON DEMURRER, WHEN AND WHERE NOT A BAR. — A judgment rendered upon the sustaining of a demurrer to a complaint will be a bar to another action for recovery upon the same facts; but if other facts are stated, which supply the defects of the first complaint, or which present a different cause of action, the judgment upon the demurrer will not be a bar to the second action.

MORTGAGE BY DEED — STATUTE OF LIMITATIONS — RENEWAL OF NOTE SECURED — EFFECT AS TO THIRD PARTIES. — The renewal of a note secured by a deed intended as a mortgage, before the statute of limitations had run against the original note, had the effect to continue the original liability for the term named in the new note, and the effect of such renewal, with reference to third parties dealing with the land as that of the mortgagor, is the same as if the mortgagor had then executed a mortgage for the amount of the renewed note, and it could not be impaired by any subsequent acts of third parties.

ID. — LIEN OF JUDGMENT CREDITOR SUBORDINATE TO MORTGAGE — EXECUTION SALE — NOTICE TO PURCHASER — FACTS PUTTING UPON INQUIRY. — The lien of a creditor of the mortgagor, whose judgment was rendered against the mortgagor subsequent to the date of the renewal of the mortgagor's note, was subordinate to the lien of the mortgage; and where such creditor subsequently became purchaser at an execution sale under the judgment, after notice of the original terms of the mortgage by deed, he is chargeable with notice of all the facts which he might have obtained by inquiry relative to the renewal by the mortgagor of the original note prior to his judgment.

ID. — ESTOPPEL IN PAIS — NEW MATTER — PLEADING. — An estoppel *in pais,* arising from the conduct and representations of the plaintiff, is new matter, and the facts constituting it must be specially pleaded, in order to be relied on in bar of the action.

ID. — SILENCE IN FORMER ACTION NOT AN ESTOPPEL. — The mere silence of the plaintiff in the former action, in not stating the fact of the renewal of the note secured by the deed, and his merely allowing judgment to go against him, without an amendment of the com-

plaint setting up such fact, does not constitute an estoppel *in pais*, which could preclude the statement of the fact of such renewal in a new action. The plaintiff owed no duty to the judgment creditor of the mortgagor to inform him of that fact in the prior action.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

E. W. McGraw, for Plaintiff, Respondent.

Craig & Craig, for Frank Dalton, Assignee, etc., Respondent.

HARRISON, J.— The plaintiff loaned to the defendant Hatch the sum of fifty thousand dollars, November 10, 1891, for which Hatch, on that day, executed to him his promissory note, payable one day after its date. November 3, 1892, as security for the payment of four thousand dollars of said indebtedness, Hatch executed to the plaintiff a conveyance of certain lands in Alameda County, which was recorded in the office of the county recorder on the following day. This deed, though absolute in form, was intended as a mortgage, and on November 4, 1892, the plaintiff executed and delivered to Hatch a defeasance, which, after reciting the execution of the deed, and the property conveyed thereby, contained the following: "And whereas, said deed is absolute in form, yet in fact is intended as security for the payment of the sum of four thousand dollars loaned by said Newhall to said A. T. Hatch, now this defeasance witnesseth, That the said George A. Newhall, for himself, and for his heirs, executors, administrators, and assigns, hereby binds himself and agrees to reconvey the hereinabove mentioned and described property unto the said A. T. Hatch, his heirs, executors, administrators, and assigns, at any time, upon the payment to him of said sum of four thousand dollars and his demand for a deed to said property."

This defeasance was not recorded. September 20, 1895, Hatch renewed his note of November 10, 1891, by making a new promissory note of that date for the same amount, payable one day after its date. The four thousand dollars secured by the mortgage of November 3, 1892, was a portion of the fifty

thousand dollars agreed to be paid by this last promissory note, and no part of it, or of any interest thereon, has yet been paid.

April 21, 1896, a judgment was docketed in the office of the clerk of the superior court for Alameda County, in favor of Sherman, Clay & Co., a corporation, — the appellant herein, — and against the defendant Hatch, for the sum of $47,792, and thereby became a lien upon all the real property of Hatch within that county. Under an execution issued upon this judgment, June 22, 1897, the sheriff levied upon and sold to said Sherman, Clay & Co. the lands described in the conveyance of November 3, 1892, from Hatch to the plaintiff, and on July 28, 1898, issued to the purchaser a deed therefor.

February 3, 1897, the plaintiff commenced an action in the superior court of Alameda County for the foreclosure of the aforesaid mortgage to him by Hatch, making Sherman, Clay & Co. one of the defendants, under the averment that it claimed some interest or lien upon the lands, but that said claim was subsequent to and subordinate to the mortgage of the plaintiff. In his complaint, the plaintiff set forth the execution of the deed and the terms of the defeasance of November, 1892, and alleged that no part of the said four thousand dollars had been paid. Sherman, Clay & Co. demurred to this complaint, upon the ground that the cause of action set forth therein was barred by the statute of limitations. This demurrer was sustained by the court, and the plaintiff declining to amend, judgment was entered, dismissing the action as against Sherman, Clay & Co. Upon the plaintiff's appeal from this judgment, it was affirmed by this court. (*Newhall v. Sherman, Clay & Co.*, 124 Cal. 509.)

June 27, 1899, upon the going down of the *remittitur* in the last-named action, the plaintiff commenced the present action, setting forth in his complaint the matter contained in his complaint in the former action, and the additional averment that on September 20, 1895, and prior to the accrual to Sherman, Clay & Co. of any claim or interest in the mortgaged premises, the defendant Hatch made and subscribed, in writing, a new promise to pay the said four thousand dollars secured by the mortgage of November 3, 1892. A demurrer to the complaint on behalf of Sherman, Clay & Co. was overruled, and thereupon said defendant filed its answer, denying the new promise by Hatch, and pleading the statute of limitations; also, setting

forth its ownership of the land by virtue of its aforesaid pur-
chase at the execution sale, and in addition thereto, setting
forth the proceedings in the former action by the plaintiff, and
alleging that the same constitut· d a bar to the plaintiff's right to
maintain the present action. Upon the trial the court made
findings of fact substantially as above set forth, and rendered
judgment in favor of the plaintiff. From this judgment and
an order denying a new trial Sherman, Clay & Co. have ap-
pealed.

1. The judgment in the former action did not constitute a
bar to the plaintiff's right of recovery herein. That judgment
was rendered upon sustaining a demurrer to the complaint,
and the question determined by the judgment was, that upon
the facts set forth in that complaint the statute of limitations
was a bar to the plaintiff's right to maintain the action. In
that action the plaintiff sought to recover upon an obligation
alleged to have been made in November, 1892, whereas in the
present action his right of recovery is also based upon the ad-
ditional promise of Hatch, made in September, 1895,— an
issue which was not presented in the former action, and which
could not have been determined therein. "That only is deemed
to have been adjudged in a former judgment which appears
upon its face to have been so adjudged, or which was actually
and necessarily included therein or necessary thereto." (Code
Civ. Proc., sec. 1911.) A judgment rendered upon sustaining
a demurrer to the complaint upon the ground that the facts
stated therein do not entitle the plaintiff to a recovery will be
a bar to an action for a recovery upon the same facts, but if
other facts are stated which supply the defects in the first state-
ment, or which present a different cause of action, the judg-
ment upon the demurrer will not be a bar to the second action.
( *Terry* v. *Hammonds,* 47 Cal. 32; *Los Angeles* v. *Mellus,* 59 Cal.
444; *Morrell* v. *Morgan,* 65 Cal. 575.)

2. The four thousand dollars for which Hatch executed to
the plaintiff his mortgage of November 3, 1892, was a part of
the fifty thousand dollars loaned to him by the plaintiff, No-
vember 10, 1891, and for which he had then given his note.
On September 20, 1895, the statute of limitations had not run
upon this note, and its renewal by Hatch on that day had the
effect to continue his original liability for the term named in
the new obligation. Until the expiration of that term there
was no point of time at which the statute would have been

available to Hatch to defeat his liability for the four thousand dollars secured by the mortgage, and the lien of the mortgage was therefore not extinguished when the present action was commenced.  (*London etc. Bank* v. *Bandmann*, 120 Cal. 220;[1] *Southern Pacific Co.* v. *Prosser*, 122 Cal. 413.)

At the time the note was renewed, Hatch was the owner of the land, and the plaintiff was the owner of the debt.  They were the only parties interested in the transaction, or that would be affected thereby, and the effect of this renewal of the obligation could not be impaired by any subsequent acts of others.  The renewal had the same effect with reference to persons thereafter dealing with the land as if Hatch had then executed a mortgage for that amount.  The appellant did not acquire its lien upon the lands until April 21, 1896, and as the lien of the plaintiff's mortgage was at that time in full force, the appellant's lien was subordinate thereto.  When the plaintiff sought, in February, 1897, to foreclose his mortgage, the appellant herein was informed by the complaint in that action that his claim upon the land was that of a mortgagee, and notice was thereby imparted to it of all the terms of the mortgage which would have resulted from an inquiry on its part in reference thereto, — one of which was, that the indebtedness had been renewed by Hatch in 1895; and as the appellant is chargeable with all that such inquiry would have disclosed, it follows that it purchased the land at the execution sale with notice of the fact that the plaintiff's mortgage was a prior lien thereon.

3. If the appellant had intended to claim that the plaintiff was estopped from asserting the lien of his mortgage against the rights of the appellant by reason of any conduct or representation in reference thereto, this defense should have been specially pleaded.  The proceedings in the former suit were set forth at length, and the judgment therein properly pleaded as a bar to the present right of recovery, but the defense of an estoppel *in pais* is distinct from that of an estoppel by record, and the facts constituting such defense are new matter, which must be specially pleaded.  (*Davis* v. *Davis*, 26 Cal. 23;[2] *Etcheborne* v. *Auzerais*, 45 Cal. 121.)  No defense of this nature is contained in the answer of the appellant, nor is there any finding by the court of facts supporting such defense, and an examination of

[1] 65 Am. St. Rep. 179.          [2] 85 Am. Dec. 157.
    CXXXIV. Cal.—18

the record fails to show that any evidence was introduced at the trial from which such defense could have been established.

The representations or conduct of the plaintiff upon which the appellant relies as an estoppel *in pais* is his failure to set forth the promise of September 20, 1895, in the complaint in the former action, or to amend said complaint in that respect, and in allowing judgment therein to be entered against him. It is not shown that the appellant, or any one on its behalf, made any inquiry of the plaintiff respecting a renewal of the mortgage, or that the plaintiff made any direct statement to it respecting the same.   Mere silence on the part of a party will not create an estoppel, unless he was under some obligation to speak, and a party invoking such estoppel must show that it was the duty of the other to speak, and that he has not only been induced to act by reason of such silence, but that the other had reasonable cause to believe that he would so act. There was nothing in the relations between the appellant and the plaintiff which made it the duty of the plaintiff to inform the appellant that Hatch had renewed his obligation.   The plaintiff's lien upon the land was superior to that of the appellant, and he was under no duty towards the appellant requiring him to volunteer any information regarding this lien, or the time when it would expire.   Docketing the judgment against Hatch did not give to the plaintiff any constructive notice of the appellant's interest in the land, and it was not shown that the plaintiff had any actual notice thereof.   The appellant did not inform him of its intention to issue an execution upon its judgment, or to purchase the land at the sale thereunder, and it does not appear that the plaintiff had any knowledge or notice, at any time before the commencement of the present action, that the appellant contemplated issuing an execution upon its judgment, or purchasing the land at the sale thereunder.

There was no evidence at the trial that the plaintiff made any statement to the appellant with reference to the promise of September 20, 1895, and it is only by way of inference that it can be claimed that the appellant made the purchase in reliance upon the facts alleged in the former complaint.   At the time this promise was made, the appellant had no interest in the mortgaged premises, and before it took any steps towards purchasing the land it was informed by the plaintiff, in his

complaint in the former action, that Hatch had executed the mortgage to him.   By that complaint the appellant was informed that Hatch had subjected the land to a mortgage, and it knew that this mortgage had not been discharged of record. Under a similar state of facts, it was said of such a purchaser: "He further knew, as matter of law, that, under the statute of limitations, a renewal of the note was a possible event.   He might, and as a prudent man he ought, before concluding his purchase, to have sought out Lent (the plaintiff) and inquired of him as to whether the note had been renewed in fact.   If, on such application, Lent (the plaintiff) had told him that there had been no renewal, and if, thereupon, Chambers (the appellant), on the faith of the statement, had closed the trade and paid his money for the land, Lent (the plaintiff) would have been estopped from setting up the mortgage against the man whom his own false suggestions had misled.   Not having pursued that course, however, Chambers (the appellant) must be understood to have bought and taken his conveyance subject to all hazards." (*Lent* v. *Morrill*, 25 Cal. 492.)

The appellant must also be deemed to have known, as matter of law, that the judgment dismissing the action was not a bar to another action upon a different statement of the facts, and that the plaintiff could quite as readily commence another action, setting forth the renewal, as to amend the complaint in that action by setting up the same fact.   In assuming, however, that because the plaintiff took an appeal from the judgment instead of amending his complaint, the defects upon which the demurrer was sustained could not be obviated, the appellant relied upon its own judgment, and not upon any statement or representation of the plaintiff.   The conduct of the plaintiff in this respect was purely within his legal rights, and any inference which the appellant might draw therefrom would not estop the plaintiff from asserting his rights.   While the date of the mortgage set forth in the former complaint showed that the statute of limitations had run before that action was commenced, there was no statement therein that the debt had become barred, nor were the facts therein stated inconsistent with those set forth in the present complaint.

The judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Beatty, C. J., and Temple, J., concurred.

McFARLAND, J., dissenting. — I am not able to agree with
the conclusion reached by a majority of the court in this case.
Waiving all other questions, I think that the judgment in the
first action is a bar to the present action. "Whether a former
judgment will operate as a bar to an action depends upon the
identity of the two causes of action and of the parties." (*Par-
nell* v. *Hahn*, 61 Cal. 131.) In the case at bar, the two actions
were between the same parties, and upon the same identical
cause of action, — namely, a promise to pay four thousand dol-
lars, and a mortgage to secure it, made and executed in 1892.
Respondent cannot claim that the cause of action is the new
promise made in 1895; for, under that view, the mortgage would
not cover it. (*Southern Pacific Co.* v. *Prosser*, 122 Cal. 413;
*Wells* v. *Harter*, 56 Cal. 342.) Whether or not a renewal of a
debt secured by a mortgage does, in any case, extend the life
of the mortgage, is a question about which there is some con-
flict in the authorities. It was held, however, in *Southern
Pacific Co.* v. *Prosser*, 122 Cal. 413, that when the promise is
made after the statute of limitations has run, then it consti-
tutes a new cause of action, which must be sued on, as such,
and does not renew or extend the mortgage; but when the ac-
knowledgment is made before the statute has run, and while
the debt is still alive, as in the case at bar, then the original
obligation is the cause of action, and carries with it the mort-
gage given to secure it. Therefore, in the case at bar, the two
suits in question were upon the same cause of action, — the
original obligation, — and judgment having gone against re-
spondent in the first suit, that judgment is a bar to the second.
The fact that in the first suit respondent did not present his
case fully enough, as he might have done, gives him no legal
right to try it over again in another suit, upon the same cause
of action. This principle is fully stated in *Woolverton* v. *Baker*,
98 Cal. 628, as follows: "A party cannot litigate his cause of
action by piecemeal, and after a judgment against him, seek
in another action to obtain relief dependent upon the transac-
tion therein adjudged, by bringing forward claims and de-
mands *properly belonging to the first action*. The judgment
against him is conclusive, not only of what was in fact deter-
mined, but also of all matters which might have been pre-
sented in support of his cause of action and litigated therein.
The rule is stated by Vice-Chancellor Wigram in *Henderson* v.

*Henderson,* 3 Hare, 115: ' Where a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" (Citing cases. See also *Wells* v. *Edmison,* 4 Dak. 46, and cases cited; *Hamilton* v. *Quimby,* 46 Ill. 90; *Crew* v. *Pratt,* 119 Cal. 149.)

A judgment does not fail to be a bar, merely because it was rendered on demurrer. As was said in *Terry* v. *Hammonds,* 47 Cal. 32, whether or not such a judgment is a bar " depends upon the questions, — 1. Whether the demurrer went to the merits of the action; and 2. Whether the cause of action is the same." (See Bigelow on Estoppel, 56.) " If parties join issue upon questions *of law or fact,* before a competent court, they must abide the decision." (*Trescott* v. *Lewis,* 12 La. Ann. 197.) " In petitory actions the defendant is bound to plead all the titles under which he claims to be owner, and a final judgment rendered in favor of the plaintiff may be pleaded as *res adjudicata* against any title which the defendant was possessed of at the time, *but failed to plead.*" (*Shaffer* v. *Scuddy,* 14 La. Ann. 576.) In *Hamilton* v. *Quimby,* 46 Ill. 90, it was held that " a former adjudication of the matter in controversy is conclusive between the parties, in a subsequent proceeding upon the same matter, not only as to the matters actually determined, but as to every other thing *then within the knowledge of the complainant which* might have been then set up as ground for relief and litigated in the first suit."

In the case at bar, the court finds that the judgment in the first case " was based solely on the ground that by the complaint in said action the claim of plaintiff in said action ap-

peared to be barred by section 337 of the Code of Civil Procedure." This was a final determination against respondent upon the cause of action set up in his complaint in that case, and which is the same cause of action set up in the case at bar; and upon what principle can he be allowed to litigate that adjudicated question in another action? There is not even the pretense that he failed to properly present his case in the former action through inadvertence, mistake, surprise, or excusable neglect. When he commenced the former suit, he knew the fact which he now says is necessary to a full statement of his cause of action, but did not aver it; his attention was specially called to the defect in his complaint, by demurrer; the court sustained the demurrer, and gave him leave to amend, and he refused to do so; and he now contends that after his appeal from the judgment, and after its affirmance, he could then commence and maintain a new suit on the same cause of action by simply putting into the complaint in the second suit what he refused to put into the complaint in the first. If this can be done, then there is no end of litigation, and no limit to multiplicity of actions. As before stated, there is here no new cause of action, and no new facts not existing within respondent's knowledge at the commencement of the first suit. In my opinion, the judgment and order appealed from should be reversed.

Rehearing denied.