[Civ. No. 686.  First Appellate District.—December 3, 1909.]

## MARY A. FRITZ, Respondent, v. LAURA J. E. MILLS and FREDERICK J. MILLS, Appellants.

SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND—AGENCY—ESTOPPEL —PLEADING.—In an action to enforce specific performance of a contract for the sale of land not signed by the defendant owner thereof, who is not named therein, but signed only by agents, not authorized to bind the owner, the plaintiff seeking to enforce the contract cannot rely upon an estoppel of the owner to deny the contract, without pleading such estoppel with particularity and precision, leaving nothing to be supplied by inference or intendment, and making it certain to every intent.

ID.—GENERAL RULE AS TO PLEADING ESTOPPEL.—That a party who has an opportunity to plead an estoppel upon which his cause of action or defense depends must do so is the recognized rule in this state.

12 Cal. App.—8

Id.—Equitable Estoppel in Pais, How Pleaded.—Equitable estoppel *in pais*, applied to the prevention of fraud and injury, to estop a party from gainsaying the truth of his acts and declarations, must be pleaded by the party relying thereon with the same fullness and particularity as is required in cases involving the like subjects of inquiry in equity.

Id.—Insufficient Finding of Estoppel — Conclusion of Law.—By the same rule which requires a pleading to state all the facts constituting an estoppel, the facts constituting the same must be found. A mere general finding that the defendant is estopped, for the purposes of the action, to deny that she executed the contract described in the complaint, is of a mere conclusion of law, and cannot be deemed a finding of fact at all.

Id.—Estoppel of Vendor—Acts of Part Performance.—To estop the vendor, or to take the case out of the statute of frauds, acts of part performance must be done by the party seeking to enforce the contract, and with a design of carrying the same into execution, and must be done with the consent and knowledge of the owner.

Id.—Averments in Answer not Showing Part Performance.—Averments in the answer which deny the alleged contract, that since its date the owner had expended money to keep in force a mortgage, which by the terms of the alleged contract was to be assumed by the purchaser, and that ever since its date, the plaintiff has enjoyed the use and occupation of the premises, fails to show acts of part performance, by not averring that he entered into possession in pursuance of the contract, or with the knowledge or consent of the owner.

Id.—Effect of Use and Occupation.—The mere use and occupation alleged is suggestive as evidence; but the simple allegation thereof is not sufficient as a pleading of part performance, or of estoppel of the vendor.

Id.—Tender of Deed Pending Suit on Condition of Payment of Specified Sum—Refusal by Purchaser.—The mere tender of a deed to the alleged purchaser by the owner on condition of the payment of a specified sum, in cash, which such purchaser refused to pay or to accept the deed on that condition, shows no element of estoppel of the owner to deny the execution of the alleged contract, the plaintiff not having taken any action thereon to his detriment or in any way, in reliance thereon, changed his condition.

Id.—Supplemental Pleading—Plea of Readiness to Keep Offer and Tender Good—Failure to Embody in Decree.—A plea of the offer and tender and refusal of plaintiff to accept the same in a supplemental pleading, which also avers that since the date thereof the defendant "has been, and now is, ready and willing to make and keep the offer and tender good," does not estop the defendant

from denying the contract, where the terms of the record enforcing the contract do not show that the terms of such offer were incorporated in the decree enforcing the contract.

ID.—PLAINTIFF'S RECOVERY LIMITED TO TERMS OF CONTRACT PLEADED. The plaintiff having elected to rely wholly on the alleged contract set forth in his complaint, and the alleged authority of defendant's agents to bind the defendant, and to try the cause on that theory alone, cannot be allowed to recover on the theory of an estoppel not pleaded by him. He must recover, if at all, upon the cause of action pleaded; and not upon another cause of action not pleaded nor relied upon by him at the trial.

ID.—CAUSE OF ACTION FOR SPECIFIC PERFORMANCE NOT STATED — OMITTED AVERMENTS—ADEQUATE CONSIDERATION—JUST AND REASONABLE CONTRACT.—A complaint to enforce specific performance of a contract for the sale of land, which omits the essential averments that the consideration to be paid thereunder is adequate, and that the contract is, as to the defendant, just and reasonable, fails to state a cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, for Appellants.

Charles Wesley Reed, for Respondent.

HALL, J.—This is an appeal upon the judgment-roll from a judgment enforcing against defendant Laura J. E. Mills a contract to convey land.

The action was brought by Charles Wesley Reed, the vendee under the contract set out in the complaint, but before entry of judgment, the cause of action was assigned by him to Mary A. Fritz, and she was thereupon substituted as plaintiff. Frederick J. Mills is the husband of Laura J. E. Mills, and is made a party defendant for this reason only. He has no other interest in the controversy. Hereafter in this opinion whenever we refer to the defendant we mean the defendant Laura J. E. Mills, and whenever we refer to the plaintiff we mean the original plaintiff.

It is alleged in the complaint that on the ninth day of April, 1906, defendant, "through her duly authorized agent,

executed her agreement in writing, wherein the said defendant agreed to sell and the plaintiff agreed to buy'' the premises in controversy. The agreement is set out *in haec verba,* and does not appear to be signed by defendant, but by ''Center and Spader, by C. N. Gompertz, Agents.'' Defendant is not named in the instrument at all.

Defendant in her answer denied that she, through her agents, or otherwise or at all, ever executed the agreement set out in plaintiff's complaint, or any agreement to sell the premises described in plaintiff's complaint, or any part thereof.

Upon the issue thus presented the court found that defendant did not, through her duly authorized agents, or otherwise or at all, execute the agreement set out in plaintiff's complaint, or any agreement wherein the defendant agreed to sell the premises described in plaintiff's complaint, or any part thereof, ''but that said defendant is nevertheless estopped, for the purposes of this action, to deny that she did not'' execute the agreement set out in the complaint. The insertion of the word ''not'' in the sentence above quoted is doubtless the result of a clerical error, and so treating it the court found that defendant is estopped for the purposes of this action to deny that she executed the agreement set out in the complaint.

The plaintiff in his complaint did not attempt to plead any estoppel, but, on the contrary, counted on a written contract alleged to have been executed by defendant through her duly authorized agent.

Appellant insists that the finding as to an estoppel is outside the issues presented by the pleadings, and must be disregarded.

That a plaintiff, whose cause of action is based upon an estoppel, must plead the facts constituting the estoppel, is clearly the law. The rule is thus stated in Encyclopedia of Pleading and Practice (volume 8, page 9): ''Where an estoppel is relied upon it must be pleaded with particularity and precision; in such plea nothing can be supplied by inference or intendment, and where the matter relied upon is not thus specially and precisely alleged, it will be no estoppel. The estoppel must be pleaded fully and sufficiently in all

respects, and with all necessary incidents. In short an estoppel must be certain to every intent."

That a party, who has an opportunity to plead an estoppel, upon which his cause of action or defense depends, must do so, is the recognized rule in this state. (*Clarke* v. *Huber,* 25 Cal. 594; *Davis* v. *Davis,* 26 Cal. 39, [85 Am. Dec. 157]; *Etcheborne* v. *Auzerais,* 45 Cal. 122; *Newhall* v. *Hatch,* 134 Cal. 269, [66 Pac. 266].)

In *Davis* v. *Davis, supra,* defendant relied upon facts found in a special verdict, as constituting an equitable estoppel against the plaintiff, but which had not been specially pleaded. The court said: "But equitable estoppels *in pais,* generally, if not universally, are applied to prevent injury which would ensue to one from the acts or declarations of another, were he permitted to gainsay the truth of such acts and declarations. The principle is invoked and applied for the prevention of fraud, or that which is tantamount thereto, on the one side, and injury on the other; and it is but just and is in accordance with the rules of pleading in equity cases, that the party relying upon an equitable estoppel *in pais* should inform the adverse party of the nature of the cause of action or defense which he will be obliged to meet. To do this he must plead it with the same fullness and particularity as is required in cases involving like subjects of inquiry, in suits of equity."

The case of *Blum* v. *Robertson,* 24 Cal. 128, supports the same principle. It was there held that a defendant sued in ejectment, relying upon part performance of an oral agreement for the sale of the demanded premises, must both allege and prove such equitable defense. The court said: "It is not enough that a defendant may have such a defense in fact. He cannot avail himself of it without pleading it, in which case his answer must, in substance at least, possess the elements and essential qualities of a bill in equity, on which the court could, upon proper proofs, pronounce a decree for his present protection or final relief."

Furthermore, the general statement that defendant is estopped, in the absence of any finding as to the facts constituting the estoppel, is but the statement of a conclusion of law, and cannot be deemed a finding of fact at all. By such

a finding we are left entirely at sea as to what facts the court considered as constituting the estoppel.

The rule is that the facts constituting the estoppel must be pleaded. (See authorities above quoted.) By the same rule the facts constituting the estoppel must be found.

Respondent frankly admits that his complaint was not drawn upon any theory of an estoppel, or that the case was tried upon any such theory by plaintiff, and that it was not until the findings were served upon him after the trial was concluded that he learned that the theory of an estoppel would be the basis of the judgment. In his brief he says: "This theory of an estoppel is not our theory, but we have to support it."

In the effort to support it he invokes the rule that under some circumstances omissions and defects in the complaint may be aided or supplied by matters set out in the answer, and calls our attention to some matters alleged in the answer.

Defendant pleads several separate defenses. The first is a denial of the execution of the agreement. In another defense, or partial defense, she alleges the expenditure by her since the alleged execution of the alleged contract of certain sums of money in order to continue in force a mortgage on the premises, which by the terms of the alleged contract was to be assumed by the purchaser. In this connection she also alleged that ever since the ninth day of April, 1906 (the date of the alleged contract), plaintiff has enjoyed the use and occupation of said premises. This, however, falls far short of stating facts sufficient to constitute such part performance of an oral contract to sell land as to take the contract out of the statute of frauds, or to estop a seller from denying the execution of the contract. It does not necessarily follow from the fact that plaintiff enjoyed the use and occupation of the premises from the date of the contract, that he entered into possession in pursuance of the contract, or that he entered into such possession with the knowledge or consent of the defendants. Such use and occupation is suggestive as evidence. The simple allegation thereof is not sufficient as a pleading. To estop the seller, or to take the contract out of the statute of frauds, "the acts of part performance must be done by the party seeking to enforce the contract, and must be done in pursuance of the contract, and with a design of

carrying the same into execution, and must be done with the consent and knowledge of the other party." (*Foster* v. *McGinnis,* 89 Cal. 264, [26 Pac. 828]. See, also, *Anson* v. *Townsend,* 73 Cal. 415, [15 Pac. 49].)

Again, in a supplemental answer defendant pleaded that on the tenth day of December, 1907 (which was long after the action had been commenced), she tendered to plaintiff a properly executed deed of the premises upon condition that he pay to her $1,771.76 in cash, which he refused to do, and also refused to accept said deed.

We fail to see in this any element of estoppel that would prevent defendant from denying the execution of the contract sued on. Plaintiff took no action thereon to his detriment, or in any way in reliance thereon changed his attitude with regard to the contract. He refused the tender, and justifies his refusal upon the ground that the amount demanded of him was not warranted by the terms of his alleged contract.

Respondent lays stress upon the fact that, after pleading in the supplemental answer the tender of the deed made on December 10, 1907, the said defendant "has been, and now is, ready and willing to make and keep the said offer and tender good."

There might be some force in respondent's contention upon this point if the judgment of the court simply enforced the keeping of this offer. For it is probable that an appellant would not be heard to complain of a judgment that in effect was an acceptance of his own offer solemnly made by a pleading filed with the court. The judgment in this case does not appear to be such, however. The offer pleaded by defendant clearly contemplated the payment to her of the sum of $1,771.76 cash in hand upon the acceptance of her deed, leaving the purchaser to take care of the mortgage for $5,000 then being foreclosed, and the costs and expenses incident to such foreclosure, and other liens, if any. The decree of the court directs the payment into court of a stated sum, and directs the payment therefrom of various sums and charges, some of which are as yet undetermined in amount, and to be fixed by the court hearing the foreclosure proceedings, and finally directs that whatever balance shall be left out of the sum deposited shall be paid to defendant for her deed. It is

thus quite impossible to determine whether such balance will equal $1,771.76 or not.

We find nothing in any of the separate defenses pleaded by defendant that constitutes an estoppel of her right to deny the execution of the contract in suit.

Plaintiff having pleaded that defendant executed a written contract to sell the land, and tried the case upon that theory, cannot be allowed to recover upon the theory of an estoppel. A plaintiff must recover, if at all, upon the cause of action pleaded, and not upon some other neither pleaded nor relied upon at the trial. (*Kredo* v. *Phelps,* 145 Cal. 526, [78 Pac. 1044]; *Schirmer* v. *Drexler,* 134 Cal. 134, [66 Pac. 180].)

No attempt is made in the complaint to allege that the consideration to be paid under the alleged contract is adequate, or that the contract is as to defendant just and reasonable.

In an action to enforce the specific performance of a contract for the sale of land such an allegation is essential to the statement of a cause of action. (*Flood* v. *Templeton,* 148 Cal. 474, [83 Pac. 148]; *Stiles* v. *Cain,* 134 Cal. 170, [66 Pac. 231]; *Herzog* v. *Atchison etc. R. R. Co.,* 153 Cal. 497, [95 Pac. 898]; *Kaiser* v. *Barron,* 153 Cal. 788, [96 Pac. 806]; *White* v. *Sage,* 149 Cal. 616, [87 Pac. 193].)

For this reason the complaint does not support the judgment.

Some other points are made for a reversal. There appear to be some contradictions and inconsistencies in the findings, which will probably not appear if the case be retried, for which reason we do not discuss the other points raised by appellant. For the reason above set forth, however, the judgment must be reversed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1910.