[L. A. No. 8030. In Bank.—March 25, 1926.]

WILLIAM J. DODD, Respondent, v. WILLIAM F. TEBBETTS et al., Defendants; RUTH TEBBETTS, Appellant.

[1] ATTORNEY AND CLIENT — SUBSTITUTION — RECORD — APPEAL — PRESUMPTION.—Where the record on appeal in an action against two individuals shows that, when said individuals first appeared in the action with their demurrer and answer and cross-complaint, they so appeared by a given attorney of record, and the record fails to show that said attorney ever ceased to be the attorney of record for both defendants, although there are certain recitals in the findings of the court to the effect that other counsel appeared at the trial representing one or the other of the defendants, but there is

no showing of any substitution of these attorneys as attorneys of record for one or the other of the defendants in the place and stead of the original attorney of record, the appellate court must assume that said original attorney of record continued throughout and still continues to be the attorney of record for both defendants.

[2] Id.—Service of Notices.—In such action, said original attorney having continued to be the attorney of record for both defendants, when he sought a new trial and took an appeal on behalf of one of the defendants, it was not necessary for him to serve the notice of intention to move for a new trial or the notice of appeal or any of the various other notices in connection therewith upon the other defendant.

[3] Partnership — Ostensible Partner — Estoppel—Pleading.—The rule of responsibility and liability of one held out as a partner, as declared in section 2444 of the Civil Code, is founded upon the equitable doctrine of estoppel; and a plaintiff who relies upon the equitable doctrine of estoppel as declared in said section must plead the facts establishing such estoppel in order to be entitled to make proof of the same or to have the benefit of a finding predicated upon said section and hence sufficient to support a judgment against one who, while not an actual partner, has estopped herself to deny that she is not so by her representations made in that behalf and by the reliance of the creditor of the firm thereon.

[4] Id. — Pleading — Denial — Estoppel — Evidence — Findings — Judgment.—Where a person in writing admitted she was a member of a given firm, a creditor of the firm is entitled to rely thereon and hence to plead in his complaint the existence of the partnership and the liability of said person as a member thereof; and when said person for the first time in her answer denies that she was such partner, the plaintiff, without any further pleading, is entitled to prove the facts which would constitute an estoppel and have a finding corresponding to his proof in that regard, and upon such finding to predicate a judgment in his favor under the terms of section 2444 of the Civil Code.

---

(1) 6 **C. J.**, p. 631, n. 76, p. 637, n. 38.    (2) 3 **C. J.**, p. 1222, n. 21 New.    (3) 30 **Cyc.**, p. 583, n. 67 New.    (4) 4 **C. J.**, p. 883, n. 33; 30 **Cyc.**, p. 586, n. 91.

APPEAL from a judgment of the Superior Court of Los Angeles County. F. M. Jamison, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

3. See 20 **Cal. Jur.** 684; 20 **R. C. L.** 1067.
4. See 10 **Cal. Jur.** 655; 10 **R. C. L.** 843.

A. W. Sorenson, Hunsaker, Britt & Cosgrove and Maurice E. Harrison for Appellant.

Lawler & Degnan and Lloyd W. Moultrie for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and respondent for the principal sum of $10,000, with interest and attorneys' fees amounting to $2,296. The action was in the nature of a suit in equity arising out of a transaction wherein, as the plaintiff in his complaint alleged, he placed certain securities in the hands of a certain copartnership doing business under the name of William F. Tebbetts & Company, and composed of said defendants, which said firm, upon the date thereof, executed their promissory note to the California Bank for the sum of $12,500, due 180 days after date, and deposited said securities with said bank as security for the payment of their said promissory note and thereupon received from said bank the sum represented by said note; that upon the maturity of said note the makers thereof failed, neglected, and refused to pay the sum due thereon, and that said plaintiff, in order to prevent the loss to him of said securities, was obliged to pay said note with the interest then due thereon and thereby became subrogated to the rights of said bank in and to said note and in and to the enforcement thereof; wherefore this action to recover from said defendants and each of them the amount of said note with interest and counsel fees as aforesaid. The defendants answered, denying that they were or ever had been copartners and alleging that the defendant William F. Tebbetts was the only person interested in said firm or doing business under the name of William F. Tebbetts & Company. They further denied that the plaintiff was the owner of the securities in question and in that behalf alleged that at the time of the transaction referred to in plaintiff's complaint the said plaintiff sold and assigned to the defendant William F. Tebbetts all of his right, title, and interest in said securities and that said William F. Tebbetts has ever since been and still is the owner thereof. The defendants admit the execution of the note in question by William F. Tebbetts personally and under the firm name of William F. Tebbetts Company, but deny that the defendant Ruth Tebbetts ever executed the

same, either personally or as a member of the firm of William F. Tebbetts & Company. The defendants deny that said plaintiff was compelled to pay said bank the amount due upon said note or any other sum in order to prevent a loss to him of said securities, and deny that he was subrogated or had any right to be subrogated to the rights of said bank by virtue of any payment by him of said note; and deny that they or either of them are indebted to said plaintiff in any sum whatsoever on account of said transaction. The defendants also presented a cross-complaint against said plaintiff, setting forth certain facts not necessary to be here detailed, whereby the plaintiff had become and was indebted to said William F. Tebbetts, doing business under the firm name of William F. Tebbetts & Company, in the sum of $10,133.14, with interest from and after a certain date, and for which said sum defendant William F. Tebbetts demands judgment by way of affirmative relief. The answer and cross-complaint is signed ''A. W. Sorenson, attorney for defendants.'' The plaintiff answered the said cross-complaint, denying specifically the averments thereof. The cause went to trial before the court without a jury upon the issues as thus framed. Upon the submission thereof the trial court made and filed its findings of fact and conclusions of law. In its said findings the court recited the fact that upon the coming on of the cause for trial Messrs. Lawler & Degnan and Lloyd W. Moultrie appeared as attorneys for plaintiff, J. W. McAlpine, Esq., appeared as attorney for William F. Tebbetts, and Messrs. A. W. Sorenson and Hunsaker, Britt & Cosgrove appeared as attorneys for Ruth B. Tebbetts. The findings were indorsed as having been received by ''A. W. Sorenson, by G. C., attorney for defendants.'' By its conclusions of law the trial court found that the plaintiff was entitled to judgment against the defendants William F. Tebbetts and Ruth Tebbetts, ''doing business under the firm name of William F. Tebbetts & Company, and each of them,'' for the sum of $10,100, together with interest and also for the sum of $1,000 attorneys' fees and costs. The judgment followed accordingly. The appeal therefrom was taken by Ruth Tebbetts only, and the notice thereof is signed ''A. W. Sorenson, Hunsaker, Britt & Cosgrove, attorneys for defendant Ruth Tebbetts.'' Thereafter a bill of exceptions

was presented to the trial judge for certification. It cites
that "evidence was introduced sustaining and which does
sustain each and all of the findings of fact numbered 1, 2,
4, 5, 6 and 7." It then proceeds to set forth certain testi-
mony evidently intended to render intelligible six numbered
exceptions noted therein and embraced in four specifications
of error. There then follow five specifications of the par-
ticulars in which the findings are contrary to and are not
supported by the evidence. These relate altogether to find-
ing numbered 3. Then follow certain specifications wherein
the decision of the court is asserted to be against law. These
are followed by the stipulation of the parties by their respec-
tive counsel to the effect that the foregoing bill of excep-
tions was prepared within the time allowed by law and by
the order of the court and correctly sets forth all of the
proceedings had during the trial except the proceedings
had and evidence introduced sustaining findings 1, 2, 4,
5, 6, and 7, and which proceedings and evidence are suffi-
cient to sustain said enumerated findings. This stipula-
tion is signed by A. W. Sorenson and Hunsaker, Britt &
Cosgrove, attorneys for defendant R. B. Tebbetts, and by
Lawler & Degnan and Lloyd W. Moultrie, attorneys for
plaintiff. Then follows the certificate of the trial judge to
the correctness of said bill of exceptions and which em-
braces the matters covered by the said stipulation. The
clerk's certificate follows in the usual form; and this is
finally followed by the printed stipulation of the same
counsel as to the correctness of the printed transcript on
appeal. The appellant's opening brief presented upon this
appeal is signed by "A. W. Sorenson and Hunsaker, Britt
& Cosgrove, attorneys for appellant." In the respondent's
brief filed in response thereto it is for the first time urged
that this appeal must be considered and treated as an ap-
peal upon the judgment-roll alone, for the alleged reason
that the defendant William F. Tebbetts, against whom the
judgment herein was also rendered, nowhere in the record
herein appears to have been served with a draft of the bill
of exceptions or to have been given any notice of the de-
livery of said bill of exceptions to the judge or of the time
fixed for the settlement of the same or to have been pres-
ent or to have participated in person or by counsel at
the settlement thereof. It is also urged that the record

herein fails to show that the notice of appeal and notice of intention to move for a new trial were, or that either of them was, ever served upon said William F. Tebbetts, nor that the stipulations to the bill of exceptions or the transcript were ever signed by said William F. Tebbetts or his counsel, all of which were essential for the reason, as the respondent urges, that said William F. Tebbetts was an adverse party to Ruth B. Tebbetts, his codefendant, upon this her appeal.

There is no merit in the respondent's contention in the foregoing regard. [1] When the defendants first appeared in this action with their demurrer and answer and cross-complaint they so appeared by their attorney of record, A. W. Sorenson. The record herein fails to show that said Sorenson has ever ceased to be the attorney of record for both of the defendants herein. It is true that there are certain recitals in the findings of the court to the effect that other counsel appeared at the trial representing one or the other of these defendants, but there is no showing of any substitution of these attorneys as attorneys of record for one or the other of these defendants in the place and stead of said A. W. Sorenson, their original attorney of record herein. We must therefore assume that A. W. Sorenson continued throughout and still continues to be the attorney of record for both of said defendants. [2] This being so, there was no necessity for any service of the notice of appeal or of intention to move for a new trial or of the bill of exceptions or of the various notices of the presentation and time of settlement thereof upon William F. Tebbetts, since he was during all of these proceedings represented by his attorney of record, A. W. Sorenson, whose acts and whose stipulations were, at all stages of this case upon both trial and appeal, binding upon both of said defendants. We therefore hold that this appeal is properly before this court for hearing upon the record presented herein, including the bill of exceptions prepared and presented in the manner above set forth.

This brings us to the merits of this appeal. The several contentions of the appellant herein are confined to an attack upon paragraph 3 of the findings of the trial court as to its sufficiency, both as to what it finds and what it fails to find, to support the judgment herein in so far as

it is sought thereby to bind the appellant herein as a partner in the firm of William F. Tebbetts & Company. The said finding is as follows:

"That the defendant, William F. Tebbetts, for the purpose of procuring said loan from said bank, stated to said bank that the defendant, Ruth Tebbetts, was a partner in the firm of William F. Tebbetts & Co.; that the defendant, Ruth Tebbetts, signed a written statement representing herself to be a partner in said firm, which statement was delivered to said bank and she thereby permitted herself to be represented to said bank as a partner in said firm, and thereupon, and on the faith thereof, said bank gave credit to said William F. Tebbetts & Co. and loaned said sum of twelve thousand five hundred dollars ($12,500) to said firm and took said stock and securities as collateral security therefor and paid said sum to William F. Tebbetts & Co."

It must be conceded that the issue as to whether or not the appellant herein was a copartner of her codefendant William F. Tebbetts or was at any time whatever a member of the firm of William F. Tebbetts & Company was squarely presented by the pleadings of the respective parties herein. It must also be conceded that the essential basis of any judgment which the trial court could render against the defendant Ruth Tebbetts herein must consist either in the fact that she was a copartner of William F. Tebbetts and a member of the firm of William F. Tebbetts & Company at the time the transactions were engaged in and which form the foundation of the present action, or in the fact that she represented or permitted herself to be represented as such partner in the transaction with said bank and that it on the faith thereof gave the credit in question to said firm. By no stretch of interpretation could it be held that the foregoing finding of the trial court amounted to a finding that Ruth Tebbetts was ever actually a member of the firm of William F. Tebbetts & Company. The utmost that can be claimed for it is that it is a finding that Ruth Tebbetts represented herself to said bank to be a partner in said firm and that upon the faith of such representation said bank gave the credit in question to said firm. Said finding was drafted upon the model furnished by section 2444 of the Civil Code, which reads as follows:

"Anyone permitting himself to be represented as a partner, general or special, is liable, as such, to third persons to whom such representation is communicated, and who, on the faith thereof, give credit to the partnership."

[3] In the case of *Nofsinger* v. *Goldman*, 122 Cal. 609, 614 [55 Pac. 425], it was held that the rule of responsibility and liability declared in section 2444 of the Civil Code is founded upon the equitable doctrine of estoppel. Invoking this doctrine the appellant argues that a plaintiff who relies upon the equitable doctrine of estoppel as declared in said section of the Civil Code must plead the facts establishing such estoppel in order to be entitled to make proof of the same or to have the benefit of a finding predicated upon said section of the code and hence sufficient to support a judgment against one who, while not an actual partner, has estopped herself to deny that she is not so by her representations made in that behalf and by the reliance of the creditor of the firm thereon. Such is the well-settled law. (*Clarke* v. *Huber*, 25 Cal. 593; *Davis* v. *Davis*, 26 Cal. 23, 39 [85 Am. Dec. 157]; *Etcheborne* v. *Auzerais*, 45 Cal. 121; *Newhall* v. *Hatch*, 134 Cal. 269 [55 L. R. A. 673, 66 Pac. 266]; *Burk* v. *City of Santa Cruz*, 163 Cal. 807 [127 Pac. 154]; *Fritz* v. *Mills*, 12 Cal. App. 113, 117 [106 Pac. 725].) The difficulty in this case lies in the application of the foregoing rule to it. [4] The plaintiff herein did not in the first instance rely upon an estoppel but upon the defendant's written admission that she was a member of the firm of Wm. F. Tebbetts & Co. He was entitled to so rely and hence to plead in his complaint the existence of such partnership and the liability of the appellant as a member thereof. When the said appellant for the first time in her answer denied that she was such partner, the plaintiff, without any further pleading than that which the law by way of replication interposes, was entitled to prove the facts which would constitute an estoppel and to have a finding corresponding to his proof in that regard, and upon such finding to predicate a judgment in his favor under the terms of section 2444 of the Civil Code. The judgment in this case is such a judgment and it is supported by the pleadings and the findings in this case. As to the evidence in support of such findings we find it to be in substantial

conflict, and hence, under the well-settled rule, the finding of the trial court will not be disturbed.

The judgment is affirmed.

Waste, C. J., Shenk, J., Lawlor, J., Lennon, J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.