*6
 
 Mr. Justice HUNT
 

 delivered the opinion.of the court.
 

 The record of the
 
 scire facias
 
 proceedings upon which the ease was argued presents some questions requiring careful examination.
 

 If we correctly apprehend the position of the case as stated in the record in the suit in which judgment was rendered,— «and which was handed to the court at the close of the argument, with the consent of both sides that it should be considered by us, — there can be no difficulty in this case in reaching a correct conclusion.
 

 • In his first point the plaintiff in error says: “ The only errors relied on are that-the court erred in holding that the Columbian Insurance Company was not dissolved, and the company being dissolved, it had no right to enter judgment against it or the trustees.”
 

 The indedtedness of the plaintiffs in error and their liability to pay the amount of their notes to the defendant in error, as adjudged by the Massachusetts court, are thus admitted. But it is insisted that in reaching its conclusion,^ and as a part of the process of reasoning by which it was reached, the Supreme Court of Massachusetts erroneously held that the judgment of the New York court that the insurance company was dissolved was without authority and .was void.
 

 If this be conceded, of what importance is it to the plaintiff's? How, does it concern them whether the judgment dissolving the insurance company was erroneous or whether it was correct? All they have to do is to pay the amount of their notes. This it is conceded that they are bound to do, and this the copy of the record in which the judgment was rendered shows that the insurance corhpany and its receivers consen teds that it be. adjudged they should and must do. Payment under such circumstances is a complete protection to them against a claim for repayment by the receivers upon a suit brought in the New York courts equally as in the courts of Massachusetts.
 

 The copy of the record referred to shows that the trustees (the present plaintiff's in error) — the Columbian Insurance
 
 *7
 
 Company, by its attorney, and the receivers, by their attorney,, composing all who in any manner were interested in the transaction or entitled to appear in the action — were before the court; and that on the 14th of June a formal judgment for the amount is rendered for the plaintiff, reciting that the trustees are charged upon their answer, and that the claimants withdrew.
 

 It is impossible to present thp case of a judgment which would be more conclusive upon the corporation, and upon the receivers, than the case presented. They were parties in form and in fact. They contested the claim as far as contest was available, and when farther contest was unavailing the attorney for the receivers consented to the entry of the judgment, in terms withdrew their opposition, and a formal judgment was entered.
 

 If the corporation was in existence, so that it could appear in a suit, it was concluded by the appearance of its attorney.
 
 *
 
 If it was not in existence, the receivers, representing the corporation and its creditors, were bound by the appearance of their attorneys. In either event the result is the same.
 

 This judgment is binding upon the corporation and the receivers, and in the case of a suit brought by either of them against the trustees, Would be an indisputable bar to their right of recover}’, and this in any State in the Union. The appearance by authorized attorneys was equivalent to a personal service of process upon those parties.
 

 Without intimating for a moment that an error was made by the Supreme Court of Massachusetts, it is too plain for discussion that it is immaterial to the plaintiff whether there was error cr not.
 

 It is a point in which they are not concerned. They have but to pay their debt, adjudged to be due in a proceeding which protects them against all the world.
 
 †
 

 
 *8
 
 This being the only allegation of error, the judgment must be
 

 Affirmed.
 

 *
 

 Murray
 
 v.
 
 Vanderbilt, 39 Barbour, 140.
 

 †
 

 Magoon
 
 v.
 
 Scales, 9 Wallace, 31, 32; Christmas
 
 v.
 
 Russell, 5 Id. 290; Pruner v. United States, 11 Howard, 163; United States
 
 v.
 
 Yates, 6 Id. 605; Harris v. Hardeman, 14 Id. 334; Toland
 
 v.
 
 Sprague, 12 Beters, 300; Chaffee
 
 *8
 

 v.
 
 Hayward, 20 Howard, 208; MacDonogh
 
 v.
 
 Millaudon, 3.Id. 693; Field v. Gibbs, 1 Peters’s Circuit Court, 155; Com. & R. Bk. v. Slocomb, 14 Peters, 60; Eldred v. Bank, 17 Wallace, 551.