Decided November 9, 1896.

## STATE EX REL. *v.* SEARS.*

CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS.— An act enlarging the time for redeeming real property sold on execution is unconstitutional as applied to sales on mortgages that were executed prior to the passage of such act, as in such case there would be an impairing of the obligation of a contract: Laws, 1895, p. 59; United States Constitution, Art. I, § 10; Oregon Constitution, Art. 1, § 21.

From Multnomah: E. D. SHATTUCK, Judge.

This is a *mandamus* proceeding by the State, on the relation of the German Savings and Loan Society, to compel the sheriff of Multnomah County to execute and deliver to the relator a deed for certain real property purchased by it at foreclosure sale. The facts are that on June second, eighteen hundred and ninety-one, one Charles Rivears executed and delivered to the relator a mortgage on the real property in question, to secure a certain debt. Thereafter, Rivears having made default, the mortgage was regularly foreclosed, and the premises or-

* The question here decided seems to have arisen about the same time in Kansas, Oregon, Idaho, and Montana. The first decisions came from Kansas in the cases of *Watkins* v. *Glenn*, 55 Kan. 417 (31 L. R. A. 82, 40 Pac. 316,) and *Beverly* v. *Barnitz*, 40 Pac. 325, holding unconstitutional an act practically identical with the one passed in Oregon. On rehearing, and after Chief Justice HORTON had resigned, the decision was reversed: *Beverly* v. *Barnitz*, 55 Kan. 466 (31 L. R. A. 74, 42 Pac. 725). Then came an opinion by the supreme court of Oregon upholding the constitutionality of an act extending the time for redeeming real property sold on execution (43 Pac. 482); and then followed a similar decision by the supreme court of Montana, *State ex rel.* v. *Gleim*, 17 Mont. 17 (31 L. R. A. 721, 44 Pac. 394). The Kansas case having been carried to the supreme court of the United States, was reversed and the act declared unconstitutional, (*Barnitz* v. *Beverly*, 163 U. S. 118,) whereupon the Montana and Oregon cases have been reversed upon rehearings. In *Wilder* v. *Campbell*, 43 Pac. 677, the supreme court of Idaho held such an act unconstitutional. The opinions in the cases above referred to present an exceptionally thorough and able discussion of the constitutional question involved.— REPORTER.

dered sold to satisfy such indebtedness. The sale
having been duly advertised, the property was sold
to the relator by the sheriff of Multnomah County
in the manner provided by law, and such sale was
regularly confirmed on the thirteenth of June,
eighteen hundred and ninety-five. No redemption
having been made within the time provided by the
law as it existed at the time the mortgage was
made, the relator demanded a deed from the sheriff,
which was refused, whereupon this proceeding was
commenced to compel the execution thereof. At the
time the mortgage was executed the statute provided
that a judgment debtor, or his successor in interest,
might at any time within four months after the con-
firmation of an execution sale redeem the premises
by paying the amount of the purchase money with
interest at the rate of ten per cent. per annum from
the date of sale, together with the amount of any
taxes the purchaser may have paid thereon. But
prior to the sale the law was amended extending
the time for redemption to one year after the con-
firmation: Laws, 1895, p. 59. And the question now
here is whether this latter act was intended to apply
to decretal sales on mortgages executed prior to its
becoming operative, and, if so, whether it violates
article I, section 10 of the constitution of the
United States, which ordains that "no state    *    *    *
shall pass any law    *    *    *    impairing the obliga-
tion of contracts," and article I, section 21 of the
Oregon constitution, providing that "no    *    *    *    law
impairing the obligation of contracts shall ever be

passed." A demurrer to the alternative writ was sustained, and plaintiff appeals.        REVERSED.

For appellant there was a brief by *Messrs. Milton W. Smith* and *Walter S. Perry*, with an oral argument by *Mr. Smith.*

For respondent there was a brief by *Messrs. Stott, Boise, and Stout*, with an oral argument by *Mr. Raleigh Stott.*

PER CURIAM. On the twenty-seventh of January, eighteen hundred and ninety-six, an opinion reported in 43 Pacific Reporter, 482, was filed in this case, holding that the act of the legislature, approved February twenty-third, eighteen hundred and ninety-five, (Laws, 1895, p. 59,) extending the time for redemption from execution sales of real estate from four to twelve months applied to foreclosure sales under mortgages executed prior to its passage and did not impair the obligation of the mortgage contract. Since that time, however, the Supreme Court of the United States, in *Barnitz* v. *Beverly*, 163 U. S. 118, on writ of error from the State of Kansas, has held that a state statute which extends the period of redemption beyond the time allowed at the date of the execution of the mortgage cannot constitutionally apply to a sale under a mortgage executed prior to its passage. Within the doctrine of that case, and the principle therein announced, our decision is erroneous, and, as the question is one of federal cognizance, we are of course bound to follow the decision of the highest federal court.

The judgment heretofore rendered by this court must therefore be annulled and set aside, and the judgment of the court below reversed, and the cause remanded with directions to issue the peremptory writ of mandamus as prayed for.

REVERSED.

Argued July 23; decided October 7, 1895; rehearing denied.