### JACKSON v. McINNIS.

[54 Pac. 884; 43 L. R. A. 128]

BILLS AND NOTES—SUFFICIENCY OF DEMAND OF PAYMENT.—Presentment and demand of payment made on a receiver *pendente lite* of an insolvent bank and notice of nonpayment by him are insufficient to bind an indorser of a negotiable certificate of deposit issued by the bank before its insolvency.*

From Multnomah :   E. D. SHATTUCK, Judge.

Action by Carl H. Jackson against Alexander W. McInnis to recover the amount of a negotiable certificate of deposit that McInnis had indorsed.   There was a judgment for plaintiff from which defendant appeals.

REVERSED.

For appellant there was a brief over the name of *George, Gregory & Duniway*, with an oral argument by *Mr. Ralph R. Duniway*.

For respondent there was a brief over the name of *Spencer & Malarkey*, with an oral argument by *Mr. Schuyler C. Spencer*.

MR. JUSTICE BEAN delivered the opinion of the court.

*NOTE.—For another case of presentment to a receiver see *Hutchison* v. *Crutcher* (Tenn.), 37 L. R. A. 89.

For a case where the notice of dishonor was given to a general assignee of an indorser see, *Amer. Nat. Bank* v. *Junk Bros.' Lumber Co.* (Tenn.), 28 L. R. A. 492.

—REPORTER.

33 OR.—34.

This is an action by an indorsee against an indorser of a negotiable certificate of deposit, issued by the Portland Savings Bank on October 26, 1894, in favor of the defendant for $399.76, and by him transferred and indorsed to the plaintiff, for value. After the indorsement, and before the maturity of the instrument, the Portland Savings Bank, becoming insolvent, closed its doors, and a receiver, *pendente lite,* was appointed by the Circuit Court of Multnomah County. Upon the maturity of the paper, presentment and demand of payment was made upon the receiver, and notice of nonpayment given to the defendant ; and the only question necessary to consider on this appeal is whether such demand and notice is sufficient to hold the indorser. No authority directly in point has been cited by counsel on either side, nor have we been able to find any ; but upon principle the demand in question was, in our opinion, insufficient. The contract of an indorser of a negotiable instrument is that if, when duly presented at maturity, the paper is not paid by the maker, he — the indorser — will, upon notice of dishonor, pay the same to the indorsee or other holder. It is a collateral and conditional contract, governed by the technical rules of the law merchant ; and a demand of payment upon the. maker or drawer and notice of nonpayment are conditions precedent to the indorser's liability. It would seem necessarily to follow, therefore, from the very nature of the contract, that the presentment for payment must be made to the person whose duty it is to pay, or to an agent or person duly authorized to act in the premises : 1 Daniel, Neg. Inst. § 588 ; Tiedeman, Com. Paper, § 313. Now, the receiver *pendente lite* of a corporation is not the agent of the corporation, nor is it his duty to pay or discharge any of its obligations, except as he may be directed by the court. He is an officer of the court, to preserve and distribute the assets

of the insolvent corporation, and has no power other than that conferred upon him by the order of his appointment, or such as may be derived from the general practice of the courts of equity in such cases : High, Rec. § 1 ; *Farmers' Loan Co.* v. *Oregon Pac. R. R. Co.*, 31 Or. 237 ( 38 L. R. A. 424, 65 Am. St. Rep. 822, 48 Pac. 706 ). A demand upon him for the payment of the debts of the corporation would, therefore, be a useless proceeding, because he has neither the power nor authority to pay them.    That duty still rests upon the corporation, notwithstanding its insolvency and the appointment of a receiver.    Neither of these events amounts to a dissolution of the corporation, nor relieves it from the duty of paying its obligations : *Bank of Bethel* v. *Pahquioque Bank*, 81 U. S. ( 14 Wall. 383 ); *Decker* v. *Gardner*, 124 N. Y. 334 ( 11 L. R. A. 480, 26 N. E. 814 ); *Chemical Nat. Bank* v. *Hartford Deposit Co.*, 161 U. S. 1 ( 16 Sup. Ct. 439 ). It continues to exist as a corporate entity, and its insolvency constitutes no excuse for neglect to make due presentment for payment of its paper, or to give notice of dishonor to an indorser thereof : *Hawley* v. *Jette*, 10 Or. 31 ( 54 Am. Rep. 129 ).

The case of *Armstrong* v. *Thruston*, 11 Md. 148, is quite analogous to the case in hand, and supports the conclusion to which we have arrived.    In that case the demand of payment was made upon an assignee of the maker of the note for the benefit of creditors, and it was held that it was not sufficient, because the insolvency of the maker did not excuse demand and notice, and the assignee was not his agent, nor was it his duty to pay the note ; and the court say no case has been found in which a demand of payment on a person standing in such a relation to the maker of the note has been held sufficient.    The case of *Ballard* v. *Burton*, 64 Vt. 387 (16 L. R. A. 664, 24 Atl. 769), cited by the defendant, is not in point.    That

was an action against a person who joined with the bank as maker of a certificate of deposit, and his undertaking was to pay the plaintiff the amount called for by the certificate when it, properly indorsed, should be returned to the bank. Before its maturity, the bank failed, and the question was whether a return of the certificate to the receiver was a sufficient compliance with the terms of the contract. There was no question in the case as to the rights or liabilities of an indorser, and no discussion or consideration of that question. The same may be said of the case of *Hutchison* v. *Crutcher*, 98 Tenn. 421 (37 L. R. A. 89, 39 S. W. 725). That was an action against an indorser of a note executed by a third person, payable at a certain bank ; and the bank being, at the maturity of the note, in the hands of a receiver, it was held by a divided court that the place of payment was at the office of the receiver, and not at the building formerly occupied by the bank. It follows from these views that the demand for payment made by the plaintiff upon the receiver of the Portland Savings Bank was insufficient to charge the defendant as indorser, and the judgment of the court below must be reversed, and the case remanded for such further proceedings as may be proper, not inconsistent with this opinion.

Reversed.

## On Rehearing.

Per Curiam. The petition for rehearing contains a very able reargument of the questions heretofore submitted to and decided by the court, but, nevertheless, we see no reason to change our opinion. The suggestion that the decision handed down is unsatisfactory, because it does not indicate upon whom and how protest of paper issued by a bank which afterwards goes into

the hands of a receiver should be made, is sufficiently answered by saying that no such question was involved in the case, or necessary to its decision. The point in controversy was whether the demand of payment actually made was sufficient to charge an indorser, and not upon whom such demand should have been made.

REHEARING DENIED.