## TEMPLETON v. MORRISON.

(131 Pac. 319: 135 Pac. 95.)

**Appeal and Error—"Adverse Party"—Notice of Appeal.**

1. The "adverse party" entitled to notice and appeal under Section 550, L. O. L, is every party whose interest in relation to the judgment appealed from is in conflict with the modification or reversal sought by the appeal; that is, every party interested in sustaining the judgment or decree is an adverse party.

**Judgment—Parties—Joint Debtors.**

2. In an action against joint debtors, where only common defenses are maintained, the judgment should be rendered against all or none.

**Appeal and Error—Parties on Appeal.**

3. A judgment was rendered against L., C., and M., on a joint redelivery bond, L. defaulting. M. appealed from the judgment without serving notice of appeal on C. Subsequently, in another suit, a decree was rendered, adjudging that C. was primarily liable on the bond, and that M. was a surety, and C. and wife took an appeal therefrom, which was undetermined. *Held*, that a motion to dismiss the

appeal for want of notice on the adverse parties must be denied, with the privilege of renewal at final hearing, since the issues between M. and C. should not be determined, on motion to dismiss, while the other appeal was pending, in which the issues were directly raised.

**Appeal and Error—Adverse Party—Notice of Appeal.**

4. A joint surety upon a redelivery bond is an adverse party to an appeal by his cosurety from a judgment against them and their principal, and as such is entitled to notice under Section 550, L. O. L., because his right to contribution may be impaired by the appeal, consequently an appeal not perfected by such notice must be dismissed, notwithstanding the pendency of another suit between the parties to determine their respective liabilities as surety.

From Multnomah: HENRY E. McGINN, Judge.

This is an action by C. R. Templeton against Finley Morrison (appellant), W. E. Cook and Cecil B. Lloyd. From a judgment in favor of plaintiff the defendant Morrison appeals. The respondent files motion to dismiss appeal. The grounds for this motion are fully set forth in the opinion.

FIRST MOTION DENIED.     SECOND MOTION ALLOWED.

*Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* for the Motion.

*Stapleton & Sleight, contra.*

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff moves to dismiss the appeal in this action, for the reason that the notice of appeal has not been served on all the adverse parties who appeared in the action; that is, for the reason that it has not been served on defendant W. E. Cook.

It appears from the record that the judgment from which this appeal is taken was against defendants Cecil B. Lloyd, W. E. Cook, and Finley Morrison upon a joint redelivery bond. The judgment was rendered against C. B. Lloyd by default. W. E. Cook appeared and contested the action, but did not appeal. Plaintiff contends that W. E. Cook is an adverse party to this

appeal, and that it is necessary to serve notice of appeal and undertaking on him, for the reason that he is vitally interested in having this judgment stand as a legal judgment against Finley Morrison, so that there will be the right of contribution between W. E. Cook and Finley Morrison upon the payment of the judgment.

1. An "adverse" party entitled to notice of appeal under the provisions of Section 550, L. O. L., is every party whose interest in relation to the judgment and decree appealed from is in conflict with the modification or reversal sought by the appeal. Every party interested in sustaining the judgment or decree is an adverse party: Words and Phrases, p. 224; *Moody* v. *Miller*, 24 Or. 179 (33 Pac. 402); *The Victorian*, 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838); *Cooper Mfg. Co.* v. *Delahunt*, 36 Or. 402 (51 Pac. 649); *Lilienthal* v. *Caravita*, 15 Or. 339 (15 Pac. 280); *Stuller* v. *Baker County*, 30 Or. 294 (47 Pac. 705); *Osborn* v. *Logus*, 28 Or. 302 (38 Pac. 190); *Hafer* v. *Medford & C. L. R. Co.*, 60 Or. 354 (117 Pac. 1122).

2. In an action against joint debtors, where only common defenses are maintained, a judgment should be rendered against all or none: *Fisk* v. *Henarie*, 14 Or. 29 (13 Pac. 193); *Wilson* v. *Blakeslee*, 16 Or. 43, 47, (16 Pac. 872); *Thomas* v. *Barnes*, 34 Or. 416 (56 Pac. 73).

3. Defendant Morrison, in resistance of the motion to dismiss, answers that in a certain suit in the Circuit Court of the State of Oregon, for Multnomah County, in which he and defendant Cook were parties, after the judgment appealed from in the case at bar was rendered, it was determined by that court that, as between defendant Cook and himself, the former was primarily liable on the bond upon which this action is based, he being a surety thereon for Cook; that an appeal

from such decree was taken by W. E. Cook and Martha E. Cook, which has not yet been perfected; that the present appeal was taken September 7, 1912, while the equities between Cook and himself, in respect to this bond, were being litigated, which were afterward judicially determined.

An appeal having been taken from the decree against Cook and wife, the same has not become final, and the question therein has not yet been settled. To determine what real interest Cook has in the judgment appealed from, upon the consideration of this motion to dismiss, would be to decide the equity suit between Morrison and Cook, prior to the hearing thereof, which this court should not do. In view of this condition of the record, the motion to dismiss should be denied for the present, with the privilege of renewing the same at the final hearing of this case.

Motion to Dismiss Denied.

Allowed September 23, 1913.

Renewal of Motion to Dismiss.

(135 Pac. 95.)

Department 2. Mr. Justice Bean delivered the opinion of the court.

The plaintiff renews his motion to dismiss this appeal for the reason that the notice of appeal was not served on all the adverse parties, that is, that it was not served on defendant W. E. Cook.

4. As before stated, the judgment appealed from was rendered against defendants Cecil B. Lloyd, as principal, W. E. Cook and Finley Morrison, sureties upon a joint redelivery bond given in a certain action for the redelivery of an automobile. Defendant Morrison appealed from the judgment, but did not serve notice upon defendant W. E. Cook. The latter, being a joint

surety upon the redelivery bond, and *prima façie* equally liable with defendant Morrison, is interested in sustaining the judgment rendered against Morrison. His interest in relation to the judgment appealed from is in conflict with the modification or reversal sought by the appeal, under the provisions of Section 550, L. O. L. He was therefore entitled to notice of appeal: See authorities cited in former opinion. If the judgment against Morrison should be reversed, Cook's *prima facie* right of contribution would be forfeited. In regard to the suit in equity mentioned in our former opinion, upon further consideration thereof, we think the following is the question to be determined: Is the interest of Cook in relation to the judgment appealed from, as the same now stands, in conflict with the modification or reversal sought by this appeal? The question is not what his interest will be when finally adjudicated. To explain, in order for Cook to maintain the right claimed by him, it will be necessary for this appeal to be sustained, and also necessary for him to prevail in the equity suit referred to.

The service of notice of appeal upon defendant Cook, and the filing thereof, are essential to give this court jurisdiction of the cause: *Rodman* v. *Manning*, 50 Or. 506, 508 (93 Pac. 366); *Barde* v. *Wilson*, 54 Or. 68 (102 Pac. 301); 2 Ency. Pl. & Pr. 192–194.

The motion to dismiss this appeal will therefore be allowed.

APPEAL DISMISSED.

MR. CHIEF.JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.