# SOUTHWESTERN SURETY INSURANCE COMPANY v. FOSTER.

### (165 Pac. 1176.)

**Appeal and Error—Notice of Appeal—Necessary Party.**

1. In suit by surety on contractor's bond to determine to whom it should pay, where judgment was rendered against the surety, and against one of the contractors and the administrator of the other contractor, the administrator was a necessary party on appeal by written notice under Section 550, L. O. L., as amended by Laws of 1913, page 617; the judgment debtors presumably having the right of contribution.

From Multnomah: JOHN P. KAVANAUGH, Judge.

On motion to dismiss appeal. The facts upon which the motion to dismiss the appeal is based are set forth in the opinion of the court. Motion allowed and appeal dismissed.

*Messrs. Fulton & Bowerman, Mr. Horace B. Nicholas* and *Mr. Newton McCoy,* for the motion.

*Mr. Chester V. Dolph,* for plaintiff-respondent.

*Mr. James E. Craib, Mr. Thomas A. Hayes* and *Mr. Andrew G. Thompson,* for Appellant.

In Banc. Opinion PER CURIAM.

William Foster and C. A. Bartz, composing a firm doing business as Foster & Company, engaged to build a schoolhouse for School District No. 1 of Multnomah County, Oregon. The Southwestern Surety Insurance Company, the plaintiff here, underwrote the bond required of the contractors by the statute. Various creditors of the firm instituted actions against it and garnished the money due it from the school district, about which time the partnership abandoned the work. Actions were then commenced in the name of the school district against the plaintiff here for the benefit of sundry persons furnishing labor and materials used in the structure. At this juncture the plaintiff surety company began this suit against the contractors, the school district, and the beneficiaries of the litigation mentioned, in order to ascertain what was due to each so that its liability on its undertaking for Foster & Company could be definitely determined. After a hearing the court rendered a decree for the district for the recovery of a certain amount of money from the plaintiff and the defendants, Foster and the administrator of Bartz who had died *pendente lite,* and further providing to the effect that all the tools, implements, and supplies left by the contractors in the possession of the school district should be delivered to the plaintiff to be sold by it and applied to its demands against its principals, the contractors, and that should there be any surplus of $1,700 retained by the school district to satisfy the attachments and garnishments after applying it to that purpose the same should be paid to the surety company. A notice of appeal on behalf of the defendant Foster was filed containing an admission of service by the attorney for

the school district and having appended thereto this writing:

"State of Oregon,
    County of Multnomah,—ss.

"I, Thomas A. Hayes, do hereby certify that I am one of the attorneys for appellant, William Foster; that I served the within notice of appeal on Chester V. Dolph, attorney for plaintiff, Southwestern Surety Insurance Company, this 4th day of October, 1916; that said Chester V. Dolph refused to accept service of said notice of appeal, by signing acceptance.

"(Signed)    Thomas A. Hayes."

1. The school district now moves to dismiss the appeal, *inter alia,* "for the further reason that G. S. Breitling, administrator of C. A. Bartz, deceased, did not join in the appeal herein and no notice of appeal was served on said administrator." The decree being against the plaintiff, the defendant Foster and the administrator of Bartz, presumably the right of contribution would exist between the partners. The Bartz estate being liable for the payment of the decree the administrator would be interested in retaining the right to compel Foster to pay his part of the established liability. If, however, the latter succeeded in overturning the decree or modifying it in some particular as to himself it would remain a charge against the surety and the estate who have not appealed with the right of contribution gone.

This subject was treated by Mr. Justice Bean in *Templeton* v. *Morrison,* 66 Or. 493 (131 Pac. 319, 135 Pac. 95), wherein he concludes that a person jointly liable with the appellant is an adverse party upon whom notice of appeal must be served. Where written notice of appeal is adopted as the means of bringing a case before this court for review the statute

requires it to be served upon all adverse parties who
have appeared in the action or suit: Laws 1913,
Chap. 319, amending Section 550, L. O. L.   In the
present instance there was quite as much reason to
serve notice upon the administrator as upon the plain-
tiff because the estate was equally bound by the de-
cree.   It is unnecessary to consider the other reasons
upon which the motion is grounded.   On the authority
of *Templeton* v. *Morrison,* 66 Or. 493 (131 Pac. 319,
135 Pac. 95), therefore, the appeal must be dismissed.

DISMISSED.   REHEARING DENIED.