Argued April 21; reversed June 9; argued on rehearing
September 15; former opinion modified October 6, 1931

# FISK *v.* LEITH ET AL.

## (299 P. 1013, 3 P (2d) 535)

*H. A. Slack,* of Coquille (J. C. Johnson, of Gold Beach, and Bennett Swanton, of Marshfield, on the brief), for appellants.

*Wm. P. Ellis,* of Salem (Collier H. Buffington, of Gold Beach, on the brief), for respondent.

BELT, J. This is an appeal from a decree enjoining the defendant J. C. Leith and the Gold Beach Utilities, Inc., a corporation, from constructing any "line, plant, or system" within the territory of Gold Beach

and vicinity for the purpose of the manufacture or transmission of electrical energy and power without having first obtained from the Public Service Commission a certificate of public convenience and necessity. The plaintiff Gold Beach Electric Company contends that it was the pioneer public utility company serving the people of the above territory with electric energy under an exclusive right or franchise and that the defendants, in violation of the law and without any certificate of public convenience and necessity invaded such territory for the purpose of furnishing the people thereof with light and power. The trial court, in addition to the order of injunction, awarded plaintiff damages in the sum of $2,000, caused by the alleged wrongful acts of the defendants.

At the time this suit was commenced, viz, on April 30, 1929, section 61-301, Oregon Code 1930, provided that:

"No public utility * * * shall henceforth begin the construction of a line, plant or system, or any part thereof, in or into any territory already served by a similar utility without having first obtained from the public service commission of Oregon * * * certificate that the present or future public convenience and necessity require, or will require such construction; * * *."

Defendants made application to the Public Service Commission for such certificate, but, after hearing of all parties interested, it was denied.

Pending appeal to this court, the above statute requiring a certificate of public convenience and necessity was repealed by two legislative acts, without any saving clauses (chapters 59 and 103, General Laws of Oregon 1931). Each of these acts carry an emergency clause and went into effect on February 28, 1931, and February 23, 1931, respectively.

■ In view of the repeal of the statute requiring the certificate it is clear that no injunctive relief can be granted although it may have been proper to do so at the time the decision was rendered in the circut court. No person has a vested right in a remedy. It would be an absurd thing to enjoin defendants from engaging in the business of furnishing light and power until a certificate of public convenience and necessity had been obtained from the Public Service Commission when, in fact, such commission has no' longer authority to issue the certificate. Whether plaintiff is entitled to equitable relief must be determined by the law existing at time of final adjudication and not as the date when the suit was commenced.

■ The more difficult question is whether equity should retain jurisdiction to assess damages for the wrongful acts of defendants while the law was in force and effect. It is argued that since the basis for equitable jurisdiction has been taken away by virtue of repeal of the statute it should no longer concern itself with the assessment of damages which is only incidental to the main relief sought. In *Drainage Dist. No. 7 v. Bernards,* 89 Or. 531 (174 P. 1167), it is said:

"The general rule is that the repeal of a statute without any reservation takes away all remedies given by the repeal statute and defeats all actions pending under it at the time of its repeal." Citing *State v. Ju Nun,* 53 Or. 1 (97 P. 96, 98 P. 513).

This rule, however, has its exceptions and does not apply to vested rights. Rights which are inchoate and are incident to the statute are lost unless saved by express words in the repealing clause. There is strong language in the texts and encyclopedias supporting the theory of defendants that the statute repealed pre-

cludes any recovery by plaintiff, but when the facts in the cases cited in support thereof are closely examined, it will be found that statutory remedies, procedure, or penalties were involved. In the leading case of *Vance v. Rankin*, 194 Ill. 625 (62 N. E. 807, 88 Am. St. Rep. 173), relied upon by the defendants, the statute repealed deprived petitioners therein of the especial remedy to compel the performance of certain acts by mandamus. Neither are we concerned with the repeal of a statute expressly creating a cause of action as in *Robinson v. McHugh*, 158 Wash. 157 (291 P. 330), and *Wall v. Chesapeake & O. R. R. Co.*, 290 Ill. 227 (125 N. E. 20).

■■ In the instant case the statute repealed conferred upon the plaintiff a right as distinguished from a remedy. It protected the plaintiff public utility company from competition by other public utilities in the same territory until the Public Service Commission issued to them a certificate of public convenience and necessity. This statutory right thus to engage in business was a property asset—a vested right—and, a cause of action having accrued by reason of interference therewith, such could not be destroyed by subsequent legislation. The cause of action which accrued prior to the repeal of the statute is property in the same sense in which tangible things are property and its destruction would amount to the taking of property without due process of law: Cooley's Constitutional Limitations (8th Ed.), Vol. II, p. 756. What has been said is on the assumption that defendants were operating as a public utility and that the Public Service Commission was right in denying the petition of defendant Leith for a certificate of public convenience and necessity.

■■ Notwithstanding it would be improper to enjoin the defendants, in view of the repeal of the statute, equity will retain jurisdiction to give complete relief and will assess damages if plaintiff is entitled to the same. Defendants, having submitted to the jurisdiction of equity when the suit was commenced, will not now be heard to complain if all matters in issue are adjudicated: *Cartwright v. Southern Pacific Co.,* 206 F. 234; *Langmaid v. Reed,* 159 Mass. 411 (34 N. E. 593); *Van Allen v. New York Elec.,* 144 N. Y. 174 (38 N. E. 997).

■ Relative to the issue of damages plaintiff alleges in substance that in May, 1921, the defendant Leith, who is president of the Gold Beach Utilities, Inc., commenced to construct an electric line, plant and system in the territory served by the plaintiff as a public utility and thereby deprived plaintiff of numerous customers to its damage in the sum of $4,000. The record discloses that defendant Leith on January 18, 1927, filed an application with the Public Service Commission for a certificate and, after hearing, the commission, on May 23, 1927, entered an order which, so far as material herein, is as follows:

 * * * * *

"That there is not sufficient present public convenience and necessity for another electric plant in Gold Beach but that there is a substantial demand for alternating current, and unless said Gold Beach Electric Company sees fit to make provisions for the supplying of such alternating current as public necessity and convenience demands within a period of 90 days from and after the date of this order, then the applicant Leith should be granted such certificate of public necessity and convenience.

 * * * * *

## ORDER

Ordered, that the application of J. C. Leith of Gold Beach, Curry county, Oregon, for certificate of public necessity and convenience be, and the same is hereby denied;

Ordered further, that jurisdiction herein is hereby retained by the commission for the purpose of making such other and further orders as future conditions may warrant.''

Defendants very properly did not appeal from this interlocutory order, but, after the lapse of the ninety-day period, made application to the commission for certificate, setting forth, among other things, the fact that plaintiff had not complied therewith in ''supplying such alternating current as public necessity and convenience demands.'' On March 1, 1928, the commission denied the petition of defendant Leith for re-hearing and an appeal was thereupon taken from such order to the circuit court. The cause was remanded to the Public Service Commission for the taking of additional testimony and thereafter, on July 12, 1929, the commission made a supplemental order setting aside and holding for naught its order of May 23, 1927, and again denied the petition of defendant Leith for a certificate of public necessity and convenience. The circuit court has never made a final adjudication as to whether Leith was entitled to a certificate of public necessity and convenience. Under this state of the record, we are of the opinion that plaintiff's claim·for damages is premature and his suit, therefore, should be abated.

It follows that the decree of the lower court is reversed and that neither party recover costs and disbursements.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.

Former opinion modified on rehearing October 6, 1931

## On Rehearing

(3 P. (2d) 535)

BELT, J. Plaintiff earnestly urges that his claim for damages is not premature and should not be abated, as the circuit court, prior to the decree in the injunction suit, had rendered a decree affirming the order of the public service commission denying the application of Leith for a certificate of public necessity and convenience. In the opinion on original hearing it is said: "The circuit court has never made a final adjudication as to whether Leith was entitled to a certificate of public necessity and convenience."

The decree in the injunction suit was rendered on March 27, 1930. The first decree in the public service commission case is said by counsel for plaintiff to have been rendered on August 2, 1929. Without reflection upon counsel, we must say that a certified copy of the record would be more authentic. What purports to be a copy of the decree as set forth in the abstract of record bears no date. The second decree in the commission case is dated November 5, 1930, and was filed November 18, 1930, as shown by the certificate of the county clerk. There is much confusion in the record as to dates and it is not surprising that it be reflected in the opinion of the court. If, as a matter of fact, the first decree was filed on August 2, 1929, our conclusion that the suit was premature is erroneous.

■ The assertion of counsel for defendants that they had no knowledge of the decree, as a copy of the same was never served on them, is wholly immaterial. They had, at least, constructive notice of any decree filed. Its legal effect is unchanged by lack of service.

There is no statutory rule, or rule of the circuit court to which our attention has been directed, requiring service of copy of decree on opposing counsel.

 Assuming that the suit should not be abated for the reasons stated in the original opinion, the joint and several judgment against the defendants can not stand in the light of the record. The defendant Leith began operating as a public utility on or about May 23, 1927, and continued to do so until his electric plant and system were transferred and sold, in January, 1928, to the defendant Gold Beach Utilities, Inc., a corporation which he caused to be organized and of which he was president and manager. It is apparent that the corporation could not be held liable in damages for any act of Leith prior to its organization. Neither do we think that Leith is responsible personally for the acts of the corporation. Some time prior to the time this suit was commenced Leith transferred his interests to the corporation. He was not a necessary party to the suit but defendants waived any question of misjoinder by answering to the merits and submitting to the jurisdiction of the court.

Relative to the claim of damages, it is impossible to segregate the evidence so as to ascertain what damage the plaintiff sustained by reason of the act of Leith while operating as a public utility and in his individual capacity.

██ Equity having assumed jurisdiction, it will grant complete relief. After careful consideration, we have concluded to reverse the judgment and to remand the cause to the circuit court to take additional testimony concerning the issue of damages and to enter a decree against the defendants not inconsistent herewith.