Motion to dismiss appeal allowed January 16; rehearing denied
February 14; mandate recalled March 12; argued on motion
to dismiss appeal March 19; appeal dismissed
April 23, 1940

# SILBAUGH v. GUARDIAN BUILDING & LOAN ASSOCIATION ET AL.

(97 P. (2d) 943, 99 P. (2d) 1017, 101 P. (2d) 420)

*Joseph, Veatch & Bradshaw,* of Portland, for appellant.

*Maguire, Shields & Morrison, Hugh L. Biggs,* and *Donald K. Grant,* all of Portland, for respondent.

PER CURIAM. The plaintiff-respondent moves to dismiss this appeal for want of jurisdiction. It appears, from the record upon the appeal, that the judgment appealed from was a joint and several judgment in favor of the plaintiff and against all the three defendants above named for the sum of $17,391.20, with accrued interest and the costs and disbursements of the action. From this judgment, the Equity Finance Company appealed without joining its codefendants as appellants and without serving them with the notice of appeal, nor was the notice of appeal addressed to them or either of them.

■ Section 7-503, Oregon Code 1930, provides, in part, as follows:

"(1) * * * If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered. Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the Supreme or circuit court, as the case may be, from the judgment, order or decree, or some specified part thereof."

Under this statute, the notice of appeal must show on its face that all parties whose interests may be affected by the appeal have either joined as appellants or have been named and served as adverse parties with a copy of the notice and proof of such service must be indorsed on the notice of appeal.

It was held in *Southwestern Surety Ins. Co. v. Foster*, 85 Or. 206, 165 P. 1176, that:

"* * * Where written notice of appeal is adopted as the means of bringing a case before this court for review the statute requires it to be served upon all adverse parties who have appeared in the action or suit."

To the same effect, see *Templeton v. Morrison*, 66 Or. 493, 131 P. 319.

■■ The term "adverse party", as used in the statute, means, as was said in *French v. McKean*, 81 Or. 683, 160 P. 1151:

"a party whose interest in relation to the judgment or decree is in conflict with the modification or reversal sought by the appeal."

In *Lane v. Wentworth*, 69 Or. 242, 133 P. 348, the court said:

"It has constantly been determined by this court that, although parties are both plaintiffs or both defendants, yet if an appeal would unfavorably affect the rights of one of them, as determined by the decree appealed from, he is an adverse party as respects his co-plaintiff or. co-defendant, and that the jurisdiction of this court depends upon service of the notice upon all such parties."

This being an appeal from a joint and several judgment against the three defendants in the action, a reversal of the judgment appealed from as to one of them would leave the judgment to stand and be enforceable against the other two non-appealing defendants.

■■ As pointed out, the failure of the appellant to comply with the statute in the particulars above referred to is jurisdictional and deprives this court of the power to review this judgment. The appellant, how-

ever, in effect, contends that, because the three defendants were represented in the circuit court by the same attorneys who now represent the appealing defendant, the knowledge of such attorneys that the appeal had been taken by one of the defendants was notice to the non-appealing defendants and, therefore, it was unnecessary to serve them with notice of appeal.

It is a general rule, and one applicable here, that a client will not be affected by notice or knowledge of facts acquired by an attorney while acting as an attorney for another client: *Neppach v. Jordan*, 13 Or. 246, 10 P. 341; 3 C. J., 1224; 2 R. C. L., 964.

██ The appellant also contends that the judgment against the two non-appealing defendants is void for certain alleged reasons, but these are matters which the court has no right to consider upon a motion to dismiss the appeal, since they are matters which relate to the merits of the case and have nothing to do with the validity of the appeal itself. As said in *Meaney v. State Industrial Accident Commission*, 113 Or. 371, 375, 227 P. 305, 232 P. 789:

"* * * It has been repeatedly held in this court, that the merits of the case will not be considered on a motion to dismiss an appeal: Stacey v. McNicholas, 76 Or. 167, 173, 175, 144 P. 96, 148 P. 67; Mendenhall's Will, 43 Or. 542, 72 P. 318, 73 P. 1033."

The appeal, therefore, must be dismissed.

---

Mandate recalled and order dismissing appeal vacated
March 12, 1940

ON MOTION TO RECALL MANDATE
(99 P. (2d) 1017)

PER CURIAM. On January 16, 1940, the court entered an order allowing the motion of the plaintiff-

respondent to dismiss the appeal of the defendant-appellant, Equity Finance Company, a corporation. The basis of the ruling, as shown by the court's opinion, 97 P. (2d) 943, was that the appealing defendant had not joined its co-defendants as appellants nor served them with notice of appeal, and "this being an appeal from a joint and several judgment against the three defendants in the action, a reversal of the judgment appealed from as to one of them would leave the judgment to stand and be enforceable against the other two non-appealing defendants."

Thereafter the appellant filed a motion to vacate the order of January 16, 1940, which was denied, and the mandate of this court was issued and forwarded to the clerk of the court below pursuant to Rule 28. The appellant has now filed a motion to recall the mandate and with it another motion to vacate the order of January 16, 1940.

One of the grounds of these motions is that "the court erred in holding that it could not consider the validity of the judgment against non-appealing defendants in considering a motion to dismiss an appeal."

It appears from an examination of the briefs of the parties that the appellant contended, when the matter was originally presented, that the non-appealing defendants were not adverse parties under § 7-503, Oregon Code 1930, because it could be determined from the face of the record that the judgment as to them was void. It was urged that the judgment was void as to the defendant, Guardian Building and Loan Association, because that corporation was insolvent and in the possession of the corporation commissioner as statutory receiver. In that situation, the appellant argued that, under the provisions of Ch. 328, Oregon Laws

1933, the action could be maintained and judgment recovered only against the corporation commissioner.

And it was said that no valid judgment could be entered against the defendant, Carey, corporation commissioner, because he had been discharged as receiver at the time of the rendition of the judgment, and had ceased to be corporation commissioner.

It was on these questions and some others not now necessary to be mentioned that the parties, in their briefs, joined issue.

We declined, however, to determine whether the judgment was void as to the non-appealing defendants, saying that "these are matters which the court has no right to consider upon a motion to dismiss the appeal, since they are matters that go to the merits of the case and have nothing to do with the validity of the appeal itself."

The rule is well established, as stated in our former opinion, quoting from *French v. McKean,* 81 Or. 693, 160 P. 1151, that "a party whose interest in relation to the judgment or decree is in conflict with the modification or reversal sought by the appellant" is an adverse party entitled to be served with notice of appeal under § 7-503, Oregon Code 1930. Whether such conflict exists here must be determined from the face of the record, and, if the judgment against the non-appealing defendants is valid, then they are adverse parties because, should the judgment against the appellant be reversed, the non-appealing defendants would lose the right of contribution which otherwise they could enforce.

On the other hand, we think, after further consideration, that, if it can be demonstrated from the face of the record that the judgment as to the non-appealing defendants is void, there would be no reason for making

them parties to the appeal, and the motion to dismiss the appeal should be denied. See *Alliance Trust Co. v. O'Brien*, 32 Or. 333, 50 P. 801, 51 P. 640, where, in determining that it was unnecessary to serve certain defendants with notice of appeal, a personal judgment against them, based on service by publication, was disregarded.

■ The argument as to the validity of the judgment against the non-appealing defendants has taken a wide range, and the questions raised are, we believe, of sufficient importance to warrant an oral hearing. The motion to dismiss the appeal was not presented until the briefs of the parties on the merits had been filed. Under like circumstances, except where the question was free from all doubt, we have heretofore followed the practice of deferring decision of the motion to dismiss until the hearing on the merits, and we are of the opinion that that course should be pursued in this case.

The motion to recall the mandate will therefore be allowed, and the order dismissing the appeal vacated, with leave to the parties to present and argue the motion to dismiss at the time of the hearing on the merits.

---

Argued on motion to dismiss appeal March 19; appeal
dismissed April 23, 1940

ON MOTION TO DISMISS APPEAL
(101 P. (2d) 420)

LUSK, J. The court, heretofore, on motion of the respondent, the plaintiff below, made an order dismissing this appeal, but later vacated this order with leave to present the motion again at the hearing on the merits. The questions arising on the motion have now been exhaustively argued, and have been given full and careful consideration by the court.

The attempted appeal is from a joint and several judgment for $17,391.30 in favor of the respondent Silbaugh and against the appellant, Equity Finance Company, a corporation, and its codefendants, Guardian Building and Loan Association, a corporation (hereinafter called the Association), and Charles H. Carey, corporation commissioner of the State of Oregon and ex-officio statutory receiver of the Association. The action was instituted December 8, 1931, against the Association and its then receiver, James W. Mott, corporation commissioner. During its pendency Carey succeeded Mott as corporation commissioner and ex-officio receiver of the Association, and was substituted in Mott's place as a party defendant. As such receiver, Carey, under the order of the Circuit Court for Multnomah County, sold the assets of the Association in his hands to the appellant, Equity Finance Company, which assumed all the liabilities of the Association, with certain exceptions not here material, but including the obligation here sought to be enforced. Thereupon Equity Finance Company was, by order of the court, made a party defendant, and a supplemental complaint was filed setting forth the basis of that defendant's alleged liability. The judgment against the Association and the receiver was predicated on the former's breach of an agreement to pay money to the respondent; that against the appellant, Equity Finance Company, on its assumption of the obligation of the Association arising out of such breach.

The notice of appeal is directed to "C. E. Silbaugh, plaintiff above named, and Maguire, Shields & Morrison, his attorneys", and was served upon the attorneys for the respondent and no one else. It is signed by

"Joseph, Veatch & Bradshaw, attorneys for defendant, Equity Finance Company". The basis of the motion is that the non-appealing defendants are adverse parties under § 7-503, Oregon Code 1930, and since they were not made parties to the appeal, nor served with the notice of appeal, this court has never acquired jurisdiction of the cause.

The appellant gives three reasons why the motion should be denied. First, that the non-appealing defendants are not adverse parties; second, that the attorneys who signed the notice of appeal for the appellant represented all three defendants in the Circuit Court, and therefore service of the notice on the non-appealing defendants was unnecessary; third, that the judgment against the non-appealing defendants is void on its face. We will consider these propositions in the order stated.

First. It is unnecessary to cite again the decisions of this court referred to in our former opinions defining the phrase "adverse party" in this connection. Anyone whose interest in, or relation to, the judgment or decree is in conflict with the modification or reversal sought by the appeal is an adverse party. Here the non-appealing defendants and the appellant are jointly and severally liable to the respondent under the judgment rendered by the Circuit Court. The appellant seeks a reversal of the judgment; it is to the interest of the non-appealing defendants that the judgment against the appellant be not disturbed, because it will still stand as to them in any event; whereas, if the judgment should be reversed and they should be compelled to pay it, they would lose their right to exact contribution from the appellant. *Southwestern Surety Insurance Company v. Foster*, 85 Or. 206, 165 P. 1176; *Templeton v. Morrison*, 66 Or. 493, 131 P. 319, 135 P. 95.

■ Second. In support of its second contention the appellant cites the cases of *Dodd v. Tebbetts,* 198 Cal. 333, 244 P. 1081, and *Walker v. Shell,* 48 Idaho, 481, 282 P. 947, which announce the rule that, where an attorney for an appealing defendant is also attorney for a defendant who does not appeal, it is unnecessary to make service of notice of appeal on the defendant not appealing. Without expressing an opinion as to the correctness of that doctrine, it suffices to say that it can avail the appellant nothing, because our statute (§ 7-503, Oregon Code 1930), as construed by this court in *Neppach v. Jordan,* 13 Or. 246, 10 P. 341, requires the notice of appeal not only to be served on adverse parties but to be *directed* to them, and the notice of appeal in the instant case is, as stated, directed only to the respondent and his attorneys. The case of *Dodd v. Tebbetts,* supra, relied on by the appellant, construing a statute of Idaho similar to ours, held that it was essential that the notice of appeal be directed to all the adverse parties, and for failure to do so in that case the court dismissed the appeal, notwithstanding that the attorney for the appealing defendant was also the attorney for a non-appealing defendant. To the same effect are *Hibernia Savings and Loan Society v. Lewis,* 111 Cal. 519, 44 P. 175; *In re Anderson's Estate,* 125 Iowa 670, 101 N. W. 510; 3 C. J., Appeal and Error, 1224, § 1324.

Third. The contention that the judgment against the Association is void is, as we understand it, based upon the grounds that the court at no time acquired jurisdiction over the Association, and that it was dissolved before the judgment was rendered. In support of the former ground the appellant calls our attention

to the following provision of the act relating to savings and loan associations:

"Any suits or actions by or against or on behalf of any association in the possession of the corporation commissioner, or the supervisor, or a deputy, shall, if by the association, be instituted by the corporation commissioner, or the supervisor or the deputy in charge of the association, in his official capacity as statutory receiver of the association, and if against the association, shall be against such corporation commissioner, supervisor or deputy in charge as statutory receiver thereof, any pending suits or actions by or against or on behalf of the association to be continued only by and in the name of or against such corporation commissioner, or supervisor, or deputy in charge, in his official capacity." Oregon Laws 1933, Ch. 328, § 16, p. 520.

Chapter 328, Oregon Laws 1933, is an act amending certain sections of Ch. 373, Oregon Laws 1931, under the provisions of which the corporation commissioner of the state of Oregon is made statutory receiver of insolvent savings and loan associations. Under § 60 of the original act, creditors of an association, which has been taken over by the corporation commissioner for the purpose of liquidation, are required to file their claims with the commissioner within a designated time, and, in the case of claims which are rejected, action to enforce them must be brought within thirty days after notice of rejection has been mailed to the claimants. The present action against the Association and the receiver was commenced December 8, 1931, and was pending in 1933 at the time of the taking effect of the amended act, which contained the provision above quoted requiring all actions to be instituted or, if pending, to be continued against the corporation commissioner.

The record shows that after the 1933 amendment became effective, as well as before, the Association appeared in the case by its attorneys, who represented the receiver as well, and filed various motions and pleadings contesting the case on its merits, and appeared at the trial. But in no way was it ever suggested until now, either by the Association or the receiver, that the court had no jurisdiction to hear and determine the case as to the Association.

Under that state of the record, we think it is not open to doubt that the jurisdictional objection was waived. The purpose of the provision in question was not to impair or destroy any substantial right of a creditor of the Association. Any attempt to do so would have been clearly unconstitutional. *State ex rel. v. Sears,* 29 Or. 580, 582, 43 P. 482, 46 P. 785, 54 Am. St. Rep. 808; *Fisk v. Leith,* 137 Or. 459, 463, 299 P. 1013, 3 P. (2d) 535; 12 C. J., Constitutional Law, 1073, § 739. All that the legislature intended or did was to alter the remedies which creditors otherwise would have had against an insolvent association, evidently to facilitate the orderly liquidation of such an association's affairs by the statutory receiver. The effect of the provision was, for the time being, to withdraw from the Circuit Court jurisdiction over the association with respect to the enforcement of a creditor's claim. It is well established that, in order to avail one's self of a jurisdictional defense of that character, the objection must be made promptly, either by demurrer, where the defect appears on the face of the pleadings, or by plea in abatement. As stated in 1 C. J. S., Abatement and Revival, 46, § 16:

"The cause, in such a situation, is not one which lies of itself beyond the zone wherein the court is authorized to act; and of course it is not one where the

court has absolute power to exercise control; it is rather one lying at the periphery of the zone of judicial operations as to which there is a conditional power to act exercisable in the absence of any proper and effective dissent by a party authorized to oppose such action * * * Such objections, going to the incidents rather than to the essence of the court's authority, may not be held in reserve to be used at such time in the trial as suits defendant's interest, nor may they be disregarded or overlooked at first and thereafter discovered and asserted; instead they must ordinarily be urged, by such plea or answer, demurrer, or motion, as is appropriate in view of the plaintiff's pleadings and the locally prevailing practices and rules of procedure, at the very threshold of the case, before any steps taken to submit the merits of the case for determination, and any failure to challenge in that manner at that time rids the jurisdiction of the condition to which it initially was subject and renders it thenceforth indefeasible.''

To the same effect, see 1 C. J., Abatement and Revival, 28, § 9. Compare, *Big Basin Lumber Co. v. Crater Lake Co.,* 63 Or. 359, 127 P. 982; *Callender Nav. Co. v. Pomeroy,* 61 Or. 343, 347, 122 P. 758.

A somewhat similar question was presented (though not collaterally, as here) in the case of *Garden of Eden Drainage Dist. v. Bartlett Trust Co.,* 350 Mo. 554, 567, 50 S. W. (2d) 627, 84 A. L. R. 1078. A statute relating to insolvent banks provided, in substance, that, when an official known as the commissioner of finance had taken possession of such bank, this would operate as a bar to proceedings against the bank, ''and if any such action is begun, then all such proceedings shall be summarily dismissed and for naught held, upon the certificate of the commissioner being filed in such cause, showing that he has taken possession of the assets of such bank, banker or trust company, and any court in

which such proceedings are pending shall have no power, authority, or jurisdiction to proceed further in any such cause." It was held that the provision was for the benefit of the commissioner of finance to prevent inconvenience and embarrassment to him in the orderly administration and settlement of the affairs of insolvent banks, and that, even though a plea in abatement had been filed, the provisions were waived by failure to file with the court the certificate mentioned in the statute. That is a far stronger case than the instant case, because the question was raised by the party affected on the trial.

 The appointment of a receiver for an insolvent corporation does not work the destruction of the corporate entity. *Jackson v. McInnis*, 33 Or. 529, 54 P. 884, 55 P. 535, 43 L. R. A. 128, 72 Am. St. Rep. 755; *Metropolitan Savings Bank & Trust Co. v. Farmers' State Bank*, 20 F. (2d) 775; 16 Fletcher Cyclopedia Corporations (Perm. Ed.) 768, § 8004; 8 A. L. R. 456, annotation. That the legislature did not intend to pass sentence of death upon insolvent savings and loan associations by placing them in the hands of the corporation commissioner for liquidation, is evident from the provisions in the savings and loan act which require the commissioner, upon completion of the liquidation, to prepare and file with the board of directors of the association a full and final statement of the liquidation, and to deliver all the records and effects of the association over to the directors. Oregon Laws 1931, Ch. 373, § 60, p. 774. These provisions contemplate that the existence of the association shall continue. An insolvent corporation in receivership remains, as previously, subject to suit, although by appropriate action designed to promote the orderly con-

duct of the receivership and short of measures which impair the obligations of contracts the remedies of creditors may be modified and curtailed. But notwithstanding such legislation if the corporation chooses not to take advantage of its temporary immunity to suit and particularly if it waives its immunity with the apparent consent and approval of the receiver as in this case there is no basis whatever for asserting that a judgment against it is a nullity. Indeed if the challenge now made had come not from a third person and in this kind of a proceeding but from the corporation itself urging it directly on appeal to this court, we should have thought that the court would have said that such a judgment was in all respects regular and valid. In any event, we are of the opinion that "if the corporation was in existence, so that it could appear in a suit, it was bound by the appearance of its attorneys." *Habich v. Folger*, 20 Wall. 1, 22 L. Ed. 307, 315.

We find no merit in the claim that the judgment is void because, as it is asserted, the corporation had been dissolved at the time that the judgment was rendered. This matter is attempted to be brought into the record by an *ex parte* affidavit, from which it appears that the Association was dissolved by proclamation of the governor on January 4, 1937. At that time this case was pending in the Circuit Court, and judgment was not entered until May 17, 1939. It appears from the findings of fact, which are part of the record before us, that the Association on the date of the rendition of the judgment was "a building and loan association duly incorporated, organized and existing under and by virtue of the laws of Oregon". The showing made, therefore, contradicts the record, and, under the de-

cision of this court in *Merriam v. Victory Mining Co.,*
37 Or. 321, 329, 56 P. 75, 58 P. 37, 60 P. 997, may not be
received or considered by this court for the purpose of
determining its action.

■ But even though it had been made properly to
appear that the Association had been dissolved on Jan-
uary 4, 1937, that fact would in no way affect the
jurisdiction of the Circuit Court to render judgment
against it, since, under the provisions of § 25-221, Ore-
gon Code 1930, as amended by Ch. 40, Oregon Laws
1937, and Ch. 404, Oregon Laws 1939, it would still
continue to exist as a body corporate for the purpose
of prosecuting or defending any actions, suits or pro-
ceedings by or against it. And it may still today be
reinstated and restored to all its franchises and privi-
leges upon compliance with the conditions stated in
§ 25-254, Oregon Code 1930.

In view of the foregoing, it is unnecessary to con-
sider the attack on the judgment as to the receiver,
since, if there is a valid judgment against either of the
non-appealing defendants, the motion must be granted.

In *Alliance Trust Company v. O'Brien,* 32 Or. 333,
50 P. 801, 51 P. 640, relied on by the appellant, where
it appeared that a judgment against a non-appealing
defendant was a nullity because the record showed af-
firmatively that the lower court had never acquired
jurisdiction over that defendant, this court held that
the seeming judgment would be disregarded in deter-
mining whether the defendant against whom it was
rendered should have been served with notice of ap-
peal. The case here is wholly different. The defendant
Association submitted itself to the jurisdiction of the
court, with the evident approval of the statutory re-
ceiver, and the objections urged by the appellant are

either such as should have been presented to the Circuit Court or are not in the record and not properly here for our consideration. We hold that as to the Association at least the judgment is valid, certainly so as against a collateral attack such as the appellant has made in opposing the motion.

The court regrets the necessity of dismissing an appeal, but, where, as in this case, an essential statutory requirement has not been observed, it has no alternative and is without power to enter upon a consideration of the merits.

The motion to dismiss the appeal is allowed.

RAND, C. J., and ROSSMAN, KELLY, BELT and BAILEY, JJ., concur.

BEAN, J., not sitting.